Theodore M. Shaw, Director-Counsel
Matthew Colangelo (MC-1746)
NAACP Legal Defense & Educational Fund, Inc.
99 Hudson St., 16th Floor
New York, NY 10013
Telephone: (212) 965-2200

Of Counsel:
Lorraine S. McGowen (LM-1644)
Alyssa D. Englund (AE-2300)
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY  10103-0002
Telephone: (212) 506-5000

Counsel for the Harry Holt Plaintiffs


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- x
                                                         :

In re:                                      :

                                              :   Chapter 11

      SALTIRE INDUSTRIAL, INC.,          :

                                              :   Case No. 04-15389 [BRL]

                Debtor.                    :

                                                          :
----------------------------------------------------------------- x


**MOTION OF THE HARRY HOLT PLAINTIFFS FOR WITHDRAWAL OF**
**REFERENCE PURSUANT TO 28 U.S.C. § 157(D) AND LOCAL BANKRUPTCY RULE**
**5011-1 AND CHANGE OF VENUE PURSUANT TO 28 U.S.C. §§ 1404 AND 1412**

         The Harry Holt Plaintiffs,[1] by and through their attorneys, move the United States

District Court for the Southern District of New York for the entry of an order pursuant to 28

U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011 and S.D.N.Y. Bankr. L.R. 5011-1,[2]

---

[1] The "Harry Holt Plaintiffs" are Harry Holt, Beatrice Holt, Sheila Holt-Orsted, Jasmine Orsted, Bonita Holt, O'Brian Holt, Brandon Holt, Patrick Holt, Bianka Bentley, Demetrius Holt and David Brown, and are plaintiffs in the personal injury action *Harry Holt, et al. v. Scovill, et al.,* originally docketed at case number CV-1882 on the docket of the Circuit Court of Dickson County, Tennessee (the "Tennessee Action").

[2] Pursuant to S.D.N.Y. Bankr. L.R. 5011-1:

withdrawing the reference with respect to the claim objection to the Harry Holt Claims (defined below) filed by the Saltire Industrial, Inc. Creditors Liquidating Trust (the "Liquidating Trust") and transferring venue of the matter pursuant to 28 U.S.C. §§ 1404 and 1412 to the Middle District of Tennessee (this "Motion").   In support of this Motion, the Harry Holt Plaintiffs respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The District Court has jurisdiction over this matter and this motion pursuant to 28 U.S.C. §§ 157 and 1334(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BACKGROUND

2.      On August 17, 2004 (the "Petition Date"), Saltire Industrial, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

3.      On September 3, 2004, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee").

4.      By order dated November 3, 2004, the Bankruptcy Court established December 10, 2004 as the last date for the filing of proofs of claim against the Debtor (the "Bar Date").

---

A motion for withdrawal of the reference shall be filed with the Clerk of the Bankruptcy Court. The movant is then required to file with the Clerk of the District Court a copy of the motion, the receipt for payment of the filing fee, three copies of the District Court Civil Cover Sheet, and a copy of any corporate ownership statement previously filed pursuant to Bankruptcy Rule 1007(a) or 7007.1.   The movant shall then file with the Clerk of the Bankruptcy Court a statement indicating the Civil Case Number and District Court Judge assigned to the matter.  All subsequent papers relating to the motion shall be filed with the Clerk of the District Court.

5.     The Harry Holt Plaintiffs timely filed the below listed proofs of claim with the Bankruptcy Court (collectively, the "Harry Holt Claims").  Each of the Harry Holt Claims was filed in the unliquidated amount of $40,000,000.00 based on personal injury and property damage claims which form the basis of the civil action captioned *Harry Holt, et al. v. Scovill, et al.,* originally docketed at case number CV-1882 on the docket of the Circuit Court of Dickson County, Tennessee (the "Tennessee Action").

| Claim No. | Date Filed | Claimant |
|---|---|---|
| 306 | 12/08/2004 | Sheila Holt-Orsted |
| 307 | 12/8/2004 | David Brown |
| 308 | 12/8/2004 | Jasmine Orstead |
| 309 | 12/8/2004 | Beatrice Holt |
| 310 | 12/8/2004 | Patrick Holt |
| 311 | 12/8/2004 | Demetrius Holt |
| 312 | 12/8/2004 | Bianka Bentley |
| 313 | 12/8/2004 | O'Brian Holt |
| 314 | 12/8/2004 | Bonita Holt |
| 315 | 12/8/2004 | Brandon Holt |
| 316 | 12/8/2004 | Harry Holt et al |
| 366 | 12/10/2004 | Sheila Holt-Orsted |
| 367 | 12/10/2004 | Sheila Holt-Orsted |
| 368 | 12/10/2004 | David Brown |

6.     On March 8, 2006 the Court entered an order confirming the Debtor's Modified First Amended Plan of Liquidation (the "Plan").  On April 25, 2006 (the "Effective Date"), the Plan became effective.  Pursuant to the Plan, the Creditors' Committee was dissolved on the Effective Date and the Saltire Industrial, Inc. Creditors Liquidating Trust Agreement became effective, appointing Wayne R. Smith as the Liquidating Trustee (the "Trustee").

7.     On November 21, 2006, the Trustee filed Saltire Industrial, Inc. Creditors Liquidating Trust's Fifth Omnibus Objection Seeking to (i) Disallow and Expunge, or Reclassify Certain Retiree Claims; (ii) Reduce and/or Reclassify Certain Deferred Compensation Claims; (iii) Disallow and Expunge Certain Duplicate Claims; (iv) Disallow and Expunge Certain

Personal Injury and Property Damage Claims; (v) Disallow and Expunge or Modify Certain Contingent Claims for Reimbursement or Contribution; (vi) Disallow and Expunge Certain Special Death Benefits Claims; (vii) Disallow and Expunge Certain Tax Claims; and (viii) Disallow and Expunge Certain Claims to Correspond to the Debtor's Books and Records (Claim Nos. 54, 132, 135, 138, 190, 217, 229, 230, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 286, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 328, 330, 331, 333, 364, 366, 367, 368, 373, 386, 391, 413, 463 and 464) (the "Fifth Omnibus Objection", attached hereto as "Exhibit A").  The Harry Holt Claims are among the targeted claims of the Fifth Omnibus Objection.

8.    The Fifth Omnibus Objection disputes the validity of the Harry Holt Claims as contingent, unliquidated and disputed personal injury claims and property damage claims related to the Tennessee Action.  The objections to the remaining Harry Holt Claims are a contested matter and remain pending before the Bankruptcy Court (the "Contested Matter").

9.    On May 1, 2007, following oral arguments before the Honorable Alvin K. Hellerstein of the Southern District of New York (the "District Court") on the Motion for Reconsideration filed by the Harry Holt Plaintiffs, Judge Hellerstein ordered the Tennessee Action be removed to the District Court pursuant to 28 U.S.C. § 1452 and the venue simultaneously transferred to the Middle District of Tennessee for adjudication.  (Hr'g Tr. 39-40, May 1, 2007, attached hereto as Exhibit B.)

10.    The facts, circumstances and claims underlying the Contested Matter, are based solely on the Tennessee Action and should be resolved by one court.  In order to get the Contested Matter and the Tennessee Action before a single court, Judge Hellerstein requested that the Harry Holt Plaintiffs make this Motion to withdraw the reference as to the Contested

Matter so that venue can be transferred to the Middle District of Tennessee with the Tennessee Action.  (Hr'g Tr. 39.)

## **ANALYSIS**

A.    Legal Standard for Withdrawal of Reference

11.    The United States District Court has original and exclusive jurisdiction over all cases under the Bankruptcy Code, as well as original, non-exclusive jurisdiction over all civil proceedings "arising under [the Bankruptcy Code]" or "arising in or related to cases under [the Bankruptcy Code]."  28 U.S.C. § 1334(a)-(b).  "The district courts may refer any or all bankruptcy matters under title 11 to the bankruptcy judges for their respective districts." *Interconnect Tel. Serv., Inc. v. Farren*, 59 B.R. 397, 398-99 (S.D.N.Y. 1986) (citing 28 U.S.C. § 157(a) (Supp. II 1984) and referencing the standing order of the Southern District of New York automatically referring all bankruptcy matters to the bankruptcy court by a blanket reference).  Bankruptcy judges may hear and enter final orders in all cases arising under the Bankruptcy Code and in all "core" proceedings.  *See id.*  Section 157(b)(2) of title 28 contains a non-exhaustive list of core matters.

12.    A "district court may provide that . . . any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."  28 U.S.C. § 175(a).  In addition, the district court may withdraw the reference on a specific case or proceeding.  Pursuant to 28 U.S.C. § 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

13.    Section 157(d) contemplates two types of withdrawal: permissive and mandatory.  *See McMillan v. Trans World Airlines, Inc. (In re Trans World Airlines)*, 280 B.R. 806, 807 (D. Del. 2002).  Withdrawal of the reference is mandatory when resolution of that action necessitates considerations of Bankruptcy Code and non-Bankruptcy Code law which affects interstate commerce.  Permissive withdrawal requires a showing of "cause".  The proceeding involving the Harry Holt Claimants and the Liquidating Trust involves issues that arise exclusively under state law and independently of the Bankruptcy Code and other federal law; therefore, the factors for mandatory withdrawal are not present.  Cause does exist, however, for permissive withdrawal.

14.    As a threshold matter, the statutory language of section 157(d) requires that there be a proceeding.  "A proceeding is generally either a contested matter or an adversary proceeding. . . .  [I]f a proof of claim is objected to, the claim will be considered a contested matter between the debtor and claimant, and a proceeding will have been initiated."  *Id.*  This is precisely the scenario here.  The Liquidating Trust has objected to the Harry Holt Claims, thus initiating a proceeding.

15.    Although Congress has not provided a statutory definition of "cause," the Second Circuit considers the following factors when conducting a discretionary withdrawal analysis: "[1] whether the claim or proceeding is core or non-core, [2] whether it is legal or equitable, and [3] considerations of efficiency, [4] prevention of forum shopping and [5] uniformity in the administration of bankruptcy law."  *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993).  *See also The Official Comm. of Unsecured Creditors of the VWE Group, Inc. v. Amlicke (In re The VWE Group, Inc.)*, 359 B.R. 441, 446 (S.D.N.Y. 2007) (applying the *Orion* factors in granting motion

to withdraw the reference); and *McCord v. Papantoniou*, 316 B.R. 113, 119 (E.D.N.Y. 2004) (citing *Orion* factors in analyzing motion to withdraw the reference).  Here, the relevant factors support withdrawal of the reference.

      B.    <u>The Contested Matter is Non-Core and Supports Withdrawal of the Reference</u>

      16.    The threshold step in the analysis is a determination of whether the Contested Matter is either core or non-core.  *See VWE Group*, 359 B.R. at 446.  As stated previously, section 157(b)(2) contains a limited list of core matters.  Although the "allowance or disallowance of claims against the estate" is included as a core matter, "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11" is expressly excluded.  28 U.S.C. § 157(b)(2)(B).

      17.    It is undisputed that the Tennessee Action upon which the Harry Holt Claims are based primarily relies on personal injury theories of recovery.  The Liquidating Trust categorized the Harry Holt Claims in the Fifth Omnibus Objection under the heading of "Contingent, Unliquidated and Disputed Personal Injury and Property Damage Claims."  (Fifth Omnibus Obj. at 9.)  In addition, the Liquidating Trust's Memorandum of Law In Support of Saltire Industrial, Inc., Creditors Liquidating Trust to Transfer Pending Litigation Involving Personal Injury Claims Pursuant to 28 U.S.C. § 157(b)(5) (the "Transfer Motion", attached hereto as Exhibit C) describes the Tennessee Action which forms the basis of the Harry Holt Claims as "a civil action alleging personal injury claims against the Debtor, Alper and other defendants in the State Court."  (Transfer Motion at 3.)  Therefore, despite the fact that the Contested Matter involves a claim objection, it is primarily a non-core proceeding.  *See Roberts*

*v. Johns-Manville Corp. (In re Johns-Manville Corp.*), 45 B.R. 823, 826 (S.D.N.Y. 1984) (finding liquidation of personal injury and wrongful death claims for distribution non-core).

      C.    <u>Additional Factors Support Withdrawal of the Reference</u>

      18.    Additional considerations supporting withdrawal of the reference include the Harry Holt Claimants' jury demand, judicial economy, economical use of resources and expediting the bankruptcy process. *See Orion Pictures Corp.*, 4 F.3d at 1101.

      19.    The Second Circuit has definitively held that "the constitution prohibits bankruptcy courts from holding jury trials in non-core matters." *Id.* The determination that the Contested Matter is non-core, combined with the mandate contained in section 157(b)(5) that "the district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending or in the district court in the district in which the claim arose", is sufficient cause to withdraw the reference. *Orion Pictures Corp.*, 4 F.3d at 1101; *see also VWE Group*, 359 B.R. at 451.

      20.    Other factors also support withdrawal of the reference. Specifically, combining the Contested Matter in a single court with the Tennessee Action is an efficient use of judicial resources and avoids unnecessary costs to the parties. Earlier this week, the District Court agreed to remove the Tennessee Action upon which the Harry Holt Claims are based from the state court in Tennessee and transfer the venue to the Middle District of Tennessee for adjudication. (Hr'g Tr. 38-40.) The Contested Matter arises from the same operative facts as the claims in the Tennessee Action and Judge Hellerstein specifically directed the Harry Holt Plaintiffs to file this Motion to accomplish the result of getting the Contested Matter and the Tennessee Action in the same court before a single judge. (Hr'g Tr. 36.)

21.    Considerations of judicial efficiency and reduction of costs to the parties weigh heavily in favor of having the Contested Matter resolved in the Middle District of Tennessee with the Tennessee Action.  As Judge Hellerstein stated in his findings of facts and conclusions of law made on the record, the Middle District of Tennessee is in close proximity to the underlying events which form the basis of not only the Tennessee Action but also the Contested Matter.  (Hr'g Tr. 38-39.)

22.    A determination not to withdraw the reference will only add an additional layer of judicial review and require duplication of effort by keeping the Contested Matter and the Tennessee Action in separate forums.  Not only will judicial resources be wasted, but the parties will be forced to expend unnecessary sums on duplicative activity in multiple forums.  What will otherwise involve a multi-step process of resolving the Liquidating Trust's claim objections in one forum and trying the Tennessee Action in another, can be resolved in a single step if the reference is withdrawn and the venue of the Contested Matter is transferred to the Middle District of Tennessee.

23.    Furthermore, even if the District Court denies the Motion, the Contested Matter cannot conclusively be resolved in the Bankruptcy Court due to the limitations imposed by § 157(b)(5) prohibiting the Bankruptcy Court from conducting a trial on personal injury tort and wrongful death claims.  Denying this Motion would result in the undesirable result of the Tennessee Action proceeding in the Middle District of Tennessee, the Contested Matter proceeding partly in the Bankruptcy Court and partly in the District Court.  Judicial economy strongly supports withdrawal of the reference on the Contested Matter to avoid this result.

D.    Transfer of Venue is Appropriate

24.    The District Court has already made the determination that the Middle District of Tennessee is the proper venue for the Tennessee Action after a thorough analysis. (Hr'g Tr. 38-40.)  In reaching its decision, the District Court, considered the convenience of the parties and the witnesses, the location of the underlying events, judicial economy, fairness and the overarching interests of justice.  (Hr'g Tr. 39.)  *Gulf States Exploration Co. v. Manville Forest Products Corp. (In re Manville Forest Products Corp.),* 896 F.2d 1384, 1391 (2d Cir. 1990) (explaining promotion of the efficient administration of the bankruptcy estate, judicial economy, timeliness and fairness are all factors to be considered in considering a motion to change venue under 28 U.S.C. § 1412); *see also Statutory Comm. of Unsecured Creditors v. Motorola, Inc. (In re Iridium Operating LLC),* 285 B.R. 822, 836 (S.D.N.Y. 2002) (same); *Goldberg Holding Corp. v. NEP Productions, Inc.*, 93 B.R. 33, 34 (S.D.N.Y. 1988) (explaining pursuant to 28 U.S.C. § 1404, the court should consider whether the venue is proper, more convenient for the parties and witnesses and whether it is in the interest of justice to transfer venue).

25.    The Harry Holt Claims are unliquidated claims based entirely on the outcome of the Tennessee Action.  The analysis of judicial economy, convenience and cost to the parties have already been addressed in detail above and weigh strongly in favor of transferring venue to the Middle District of Tennessee to achieve the desired result of having the Contested Matter and the Tennessee Action combined in one forum before a single judge.  Therefore, the Middle District of Tennessee is the proper venue for the Contested Matter.

## Waiver of Memorandum of Law

26.     This Motion does not raise any novel issue of law and is supported by citations to authorities.  Accordingly, the Harry Holt Plaintiffs respectfully request that the Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District that a separate memorandum of law be submitted.

## CONCLUSION

WHEREFORE, the Harry Holt Plaintiffs respectfully request that this Court enter an order (1) withdrawing the reference with respect to the Contested Matter, (2) transferring venue of the Contested Matter to the Middle District of Tennessee with the Tennessee Action, and (3) granting such other and further relief as is just.

Dated: New York, New York
     May 4, 2007

By:           /s/
          Theodore M. Shaw, Director-Counsel
          Matthew Colangelo (MC-1746)
          NAACP Legal Defense & Educational Fund, Inc.
          99 Hudson St., 16th Floor
          New York, NY 10013
          Telephone: (212) 965-2200

     -and-

          Lorraine S. McGowen (LM 1644)
          Alyssa D. Englund (AE 2300)
          ORRICK, HERRINGTON & SUTCLIFFE LLP
          666 Fifth Avenue
          New York, New York  10103
          Telephone: (212) 506-5000

          Counsel for the Harry Holt Plaintiffs