# EXHIBIT

# A

Hearing Date:  December 21, 2006 at 10:00 a.m.
Objection Deadline:  December 14, 2006 at 4:00 p.m.

Michael S. Etkin, Esq. (ME 0570)
Timothy R. Wheeler, Esq. (TW 3466)
**LOWENSTEIN SANDLER PC**
1251 Avenue of the Americas. 18th Floor
New York, New York 10020
Telephone:  (212) 262-6700
Facsimile:  (212) 262-7402
- and -
65 Livingston Avenue
Roseland, New Jersey 07068
Telephone:  (973) 597-2500
Facsimile:  (973) 597-2400

*Counsel to the Saltire Industrial, Inc.*
*Creditors Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :    Case No.  04-15389 [BRL]
        SALTIRE INDUSTRIAL, INC.,                                :
                                                                 :
                                              Debtor.            :
                                                                 :
-----------------------------------------------------------------x

**SALTIRE INDUSTRIAL, INC. CREDITORS LIQUIDATING TRUST'S FIFTH
OMNIBUS OBJECTION SEEKING TO (i) DISALLOW AND EXPUNGE, OR
RECLASSIFY CERTAIN RETIREE CLAIMS; (ii) REDUCE AND/OR RECLASSIFY
CERTAIN DEFERRED COMPENSATION CLAIMS; (iii) DISALLOW AND EXPUNGE
CERTAIN DUPLICATE CLAIMS; (iv) DISALLOW AND EXPUNGE CERTAIN
PERSONAL INJURY AND PROPERTY DAMAGE CLAIMS; (v) DISALLOW AND
EXPUNGE OR MODIFY CERTAIN CONTINGENT CLAIMS FOR REIMBURSEMENT
OR CONTRIBUTION; (vi) DISALLOW AND EXPUNGE CERTAIN SPECIAL DEATH
BENEFIT CLAIMS; (vii) DISALLOW AND EXPUNGE CERTAIN TAX CLAIMS; AND
(viii) DISALLOW AND EXPUNGE CERTAIN CLAIMS TO CORRESPOND
TO THE DEBTOR'S BOOKS AND RECORDS**

**(CLAIM NOS. 54, 132, 135, 138, 190, 217, 229, 230, 240, 241, 242, 243, 244, 245, 246, 247,
248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 286, 306, 307, 308, 309, 310, 311, 312,
313, 314, 315, 316, 328, 330, 331, 333, 364, 366, 367, 368, 373, 386, 391, 413, 463, and 464)**

**TO:    THE HONORABLE BURTON R. LIFLAND,
        UNITED STATES BANKRUPTCY JUDGE:**

Saltire Industrial, Inc., Creditors Liquidating Trust (the "Trust"), by its attorneys, Lowenstein Sandler PC, seeks entry of an order (i) disallowing and expunging and/or reclassifying certain retiree claims; (ii) reducing and allowing and/or reclassifying certain deferred compensation claims; (iii) disallowing and expunging certain duplicate claims; (iv) disallowing and expunging certain contingent personal injury and property damage claims to correspond to the Debtor's books and records; (v) reducing and allowing, or disallowing and expunging certain contingent claims for reimbursement or contribution; (vi) disallowing and expunging certain duplicate special death benefit claims; (vii) disallowing and expunging a certain tax claim; and (viii) disallowing and expunging various claims to correspond with the Debtor's books and records, as identified in the exhibits annexed to this objection (the "Objection"), and respectfully shows this Honorable Court that:

## BACKGROUND

### The Debtor's Chapter 11 Case.

1.    On August 17, 2004 (the "Petition Date"), Saltire Industrial, Inc. (the "Debtor") filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").

2.    On August 24, 2004, the Debtor filed its schedules of assets and liabilities and statement of financial affairs (collectively, the "Schedules").

3.    The United States Trustee appointed an official committee of unsecured creditors (the "Committee") on September 3, 2004.

4.    On January 25, 2005, the Debtor filed its first amendment to its Schedules. On April 13, 2005, the Debtor filed its second amendment to Schedule F to reflect changes to its schedule of holders of certain general unsecured claims.  On May 4, 2005, the Debtor filed its

third amendment to Schedule F to reflect, among other things, the revised amounts of certain general unsecured claims of those former employees who were affected by the Retiree Order (as defined below) (the "Third Amended Schedule F"). On June 16, 2006, the Trust filed a Fourth Amendment to Schedule F (the "Fourth Amended Schedule F") to reflect further revisions to the amounts of certain general unsecured claims pursuant to the Retiree Order.

5.     By Order, dated November 3, 2004, the Court fixed December 10, 2004 as the last date by which proofs of claim based on pre-petition debts or liabilities against the Debtor must be filed (the "Claims Bar Date").

6.     On March 8, 2006, this Court entered an order confirming the Debtor's Modified First Amended Plan of Liquidation (the "Plan").

7.     Pursuant to the Article XII of the Plan, the automatic stay imposed by the Bankruptcy Code was terminated on the effective date of the Plan, which was April 25, 2006 (the "Effective Date"). On the Effective Date, the Saltire Industrial, Inc. Creditors Liquidating Trust Agreement also became effective, and appointed Wayne R. Smith as the Liquidating Trustee.

8.     More than 460 proofs of claim have been filed against the Debtor's estate in this case. From and after the Claims Bar Date and through the Effective Date, the Debtor's management attempted to reconcile the proofs of claim to identify objectionable claims by reviewing each claim filed in this case, the official claims register maintained by Garden City Group, the Debtor's court-appointed claims' agent, and its own books and records. The Debtor previously filed two omnibus objections to claims. Since the Effective Date, the Liquidating Trustee has continued the task of reconciling claims and filing omnibus objections to claims. To date, the Liquidating Trustee has filed two omnibus objections to claims.

9.      The primary purpose of this Objection is to address the various proofs of claim that have not been included in prior omnibus claims objections.  Having these Disputed Claims resolved is an important step to enable the Liquidating Trustee to ensure that creditors holding allowed claims receive distributions as quickly as possible and in an appropriate amount. The claim numbers, the basis for the Trust's objection, and the Trust's proposed treatment for each claim are set forth below, and/or in the annexed exhibits.

## JURISDICTION

10.     This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges," dated July 10, 1984.  Venue of this case and this Objection in this district is proper pursuant to 28 U.S.C. § 1408.  The statutory predicates for the relief sought herein are section 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RELIEF REQUESTED

11.     The Trust seeks entry of an Order pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 to: (i) disallow and expunge and/or reclassify certain retiree claims; (ii) reduce and allow and/or reclassify certain deferred compensation claims; (iii) disallow and expunge certain duplicate claims; (iv) disallow and expunge certain contingent personal injury and property damage claims to correspond to the Debtor's books and records; (v) reduce and allow, or disallow and expunge, certain contingent claims for reimbursement or contribution; (vi) disallow and expunge certain duplicate special death benefit claims; (vii) disallow and expunge a certain tax claim; and (viii) disallow and expunge certain claims to correspond to the Debtor's books and records, as identified in the exhibits annexed to this Objection

-4-

12.    Section 502 of the Bankruptcy Code provides, in pertinent part, as follows:

(a)    A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under Chapter 7 of this title, objects.

11 U.S.C. § 502(a).

13.    Bankruptcy Rule 3007 provides:

An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

## A.    <u>Retiree Claims.</u>

14.    On March 22, 2005, the Debtor and the Committee filed with the Bankruptcy Court a joint application to obtain approval of a proposed modification of the retiree benefits package the Debtor had provided to its several hundred retired employees (the "Retirees").

15.    On April 21, 2005, the Bankruptcy Court entered an Order approving the joint application (the "Retiree Order"). The Retiree Order provided for, among other things, the fixing and allowance of a general unsecured claim for each Retiree in the amounts corresponding to their remaining medical and life insurance benefits on a present value basis. The proposed amounts were calculated by actuarial consultants retained by the Debtor.

16.    To implement the terms of the Retiree Order, the Debtor filed its Third Amended Schedule F reflecting the adjusted amounts for the claims of substantially all of its Retirees. The Debtor arranged for the service by mail of the notice of the Third Amended

Schedule F together with a blank proof of claim form to the Retirees. The Debtor enclosed a cover notice to the proof of claim form advising Retirees that the claim form showed the individual's updated claim amount that the Debtor had included in its Third Amended Schedule F as undisputed, non-contingent and liquidated.

17.    Prior to the filing of the Third Amended Schedule F and the entry of the Retiree Order, more than 200 Retirees had filed proofs of claim with the claims agent, who, in turn, had docketed each claim in the official claims register. Several such claims are being addressed by this Objection to ensure that the claim amounts conform to the Debtor's books and records and the Third Amended Schedule F.

18.    Also, in response to receiving notice of the Third Amended Schedule F, some Retirees filed proofs of claims that either did not list any amounts, were incomplete, or simply restated the prior claim amounts. As these Claims also were docketed in the official claims register, the Trust is addressing several of these claims in this Objection.

19.    Accordingly, Exhibit 1 contains all of the above-described Disputed Claims filed that are the subject of this Objection. Exhibit 1 is broken into three component parts as described below.

20.    Exhibit 1-1 – Duplicative Claims. The Disputed Claims listed on Exhibit 1-1 are duplicate claims Retirees have filed either in response to the Claims Bar Date or the Notice of Third Amendment to Schedule F.

21.    If the Disputed Claims in Exhibit 1-1 are not disallowed and expunged, there is a potential risk that the claimants would receive duplicative or excessive recovery to the detriment of other creditors. Accordingly, the Trust requests that this Court disallow and

expunge the Disputed Claims listed in Exhibit 1-1.  A Retiree's original claim is not affected by this objection except as otherwise reflected herein or in a subsequent claim objection.

22.    Exhibit 1-2 – Disputed Claims Requiring Expungement.  The Disputed Claims listed on Exhibit 1-2 require expungement because according to the Debtor's books and records, none of these claimants hold a valid claim against the Debtor.  In addition, in its Third Amended Schedule F, the Debtor has scheduled the amount of each of these Disputed Claims at $0.

23.    At the time the Retiree Order became effective, the Debtor was no longer responsible or obligated to any of these claimants for Retiree medical and/or life insurance benefits.  Each claimant on this exhibit is no longer entitled to a claim for medical or life insurance benefits because (i) the claimant is deceased and either the life insurance benefits have been paid and/or no further medical benefits are payable because of the claimant's death, or (ii) the surviving spouse of a deceased retiree was paying a medical premium equivalent to the full cost of his or her own medical coverage, and therefore the Debtor's estate had no ongoing obligation to the surviving spouse.  In this exhibit, the Trust sets forth the basis for seeking the disallowance and expungement of each Disputed Claim.

24.    If these Disputed Claims are not disallowed and expunged, there is a potential risk that the claimants would receive an excessive or undeserved recovery to the detriment of other creditors.  Accordingly, the Trust requests that this Court disallow and expunge the Disputed Claims listed on Exhibit 1-2.

25.    Exhibit 1-3 – Claims Requiring Reclassification.  Exhibit 1-3 contains the Disputed Claims that the Trust seeks to reclassify from priority to general unsecured.  As indicated on Exhibit 1-3, the listed claimants are not entitled to any priority for their claims as set

forth in section 507 of the Bankruptcy Code, as well as in the Retiree Order, and therefore these Disputed Claims should be reclassified from priority to general unsecured.

      26.     If these Disputed Claims are not reclassified, there is a potential risk that certain claimants would receive an excessive or undeserved recovery to the detriment of other creditors.  Accordingly, the Debtor requests that this Court reclassify the Disputed Claims as set forth in Exhibit 1-3.

**B.**      <u>**Exhibit 2 -- Deferred Compensation Claims**</u>.

      27.     Exhibit 2 contains the Disputed Claims for deferred compensation benefits to which certain of the Debtor's former employees claim to be entitled pursuant to prepetition retirement agreements.   In this Objection, the Trust seeks to either (i) adjust upward or downward and thereby fix the amount of each Disputed Claim to correspond to the present value amount that the Debtor's actuary calculated for each Retiree; or (ii) reclassify the Disputed Claim from priority to general unsecured.

      28.     In Exhibit 2, the Trust states the basis for the proposed treatment of each Disputed Claim.  If these Disputed Claims are allowed as filed, there is a potential risk that the claimants would receive an excessive or undeserved recovery to the detriment of other creditors. Accordingly, the Trust requests that this Court grant the requested relief regarding the Disputed Claims as set forth on Exhibit 2.

**C.**      <u>**Exhibit 3 -- Duplicate Claims**</u>.

      29.     The Disputed Claims listed on the chart attached hereto as Exhibit 3 are duplicate claims of other claims filed in this case.

      30.     Claimant Sheila Holt-Orsted filed three contingent, unliquidated claims related to litigation initiated in state court in Tennessee.  Accordingly, the Trust seeks to disallow

Claim Nos. 366 and 367 as duplicative of Claim No. 306.  As all three Disputed Claims are identical, Claims 366 and 367 are duplicative and should be disallowed and expunged.

31.    Another claimant, David Brown, filed two contingent, unliquidated claims related to litigation initiated in state court in Tennessee.  Accordingly, the Trust seeks to disallow Claim No. 368 as duplicative of Claim No. 307.

32.    If these Disputed Claims are not disallowed and expunged, there is a potential risk that the claimants would receive an excessive or undeserved recovery to the detriment of other creditors.  Accordingly, the Trust requests that this Court disallow and expunge the Disputed Claims listed on Exhibit 3.  The Trust also reserves its right to file additional objections to any and all of these claims on any other bases.

**D.    Exhibit 4 -- Contingent, Unliquidated and Disputed Personal Injury and Property Damage Claims.**

33.    The Disputed Claims listed on Exhibit 4 are contingent, unliquidated and disputed personal injury and property damage claims related to certain tort actions initiated in the State of Tennessee.  The Trust objects to and seeks to have disallowed and expunged the Disputed Claims on Exhibit 4.  After conducting a diligent review of its books and records, the Claims Register and Schedules, and certain documents provided by some of the claimants, the Debtor has been unable to verify the claims listed on Exhibit 4.  Thus, the Trust believes the claims listed on Exhibit 4 are without merit.  As the Debtor's books and records list zero amounts for each of the Disputed Claims listed on Exhibit 4, these claims require disallowance and expungement so that they conform to the Debtor's books and records.

34.    If these Disputed Claims are allowed as filed, there is a potential risk that the claimants would receive an excessive or undeserved recovery to the detriment of other

creditors.  Accordingly, the Trust requests that this Court grant the requested relief regarding the Disputed Claims as set forth on Exhibit 4.

**E.**    **Contingent Claims for Reimbursement or Contribution.**

35.    The Trust seeks to disallow and expunge certain contingent claims against the estate for reimbursement or contribution pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 as specifically mandated by section 502(e)(1)(B).

36.    Section 502(e)(1)(B) provides in pertinent part that "the court *shall* disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that … such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution…."  11 U.S.C. § 502(e)(1)(B) (emphasis added); see also, Sorenson v. The Drexel Burnham Lambert Group (In re The Drexel Burnham Lambert Group), 146 B.R. 92 (S.D.N.Y. 1992); In re Pinnacle Brands, Inc., 259 B.R. 46, 55 (Bankr. D. Del. 2001).

37.    In order for the Court to disallow a claim pursuant to section 502(e) of the Bankruptcy Code: "(1) the claim must be contingent; (2) the claim must be for reimbursement or contribution; and (3) the claimant must be co-liable with the debtor with respect to the claim." Pinnacle Brands, 259 B.R. at 55.

38.    After careful review, the Trust has determined that the Disputed Claims on the list attached hereto as Exhibit 5-1, clearly satisfy the Pinnacle criteria for disallowance as contingent claims for reimbursement or contribution made by claimants who are co-liable with the Debtor.  Please note that these claims have not been the subject of any prior objections submitted on behalf of the Debtor or the Trust.

-10-

39.    Additionally, the Trust has determined that the Disputed Claims on the list attached hereto as Exhibit 5-2, clearly satisfy the <u>Pinnacle</u> criteria for disallowance as contingent claims for reimbursement or contribution made by claimants who are co-liable with the Debtor. Please note that because the Debtor or the Trust have previously objected to the claims listed on Exhibit 5-2 on various grounds, the objections to these claims should be considered supplemental.

40.    If the Disputed Claims listed on Exhibits 5-1 and 5-2 are not disallowed and expunged, there is a potential risk that the claimants would receive an excessive or undeserved recovery to the detriment of other creditors.    Accordingly, the Trust respectfully requests that this Court disallow and expunge the Disputed Claims listed on Exhibit 5 in compliance with the mandate set forth in section 502(e)(1)(B).

**F.    <u>Exhibit 6 -- Duplicate Special Death Benefits Claims</u>.**

41.    The Disputed Claims listed on Exhibit 6 are duplicate claims of other claims filed in this case.    Three individual former employees of Scovill, Inc. (the Debtor's predecessor in interest), Peter L. Steel, Richard A. Vance and James W. Cahill, filed Disputed Claims docketed as Claim Nos. 330, 331 and 333, respectively (the "SDB Claims"), seeking payment of special death benefits related to contracts that were subsequently transferred to Nutone, Inc. ("Nutone").    Nutone has itself filed a proof of claim in this case.[1]    Claim No. 201, in the amount of $2,086,800.00 (the "Nutone Claim"), also seeks payment of the same special death benefits included in the SDB Claims.    As the SDB Claims are already included in the Nutone Claim, they are duplicative and should be disallowed and expunged.

---

[1] The Trust has objected to Nutone's claim in the Fourth Omnibus Claims Objection.

42.    If the Disputed Claims listed on Exhibit 6 are not disallowed and expunged, there is a potential risk that the claimants would receive a windfall or excessive monetary recovery to the detriment of other creditors. Accordingly, the Trust requests that this Court disallow and expunge the Disputed Claims listed on Exhibit 6.

**G.    Exhibit 7 -- Tax Claim to Be Disallowed and Expunged.**

43.    The Disputed Claim on Exhibit 7 is based on a franchise tax assessment for taxes, penalty and interest submitted by the Ohio Department of Taxation for the period January 1, 2001 to December 31, 2003 ("Claim 413"). The Trust objects to Claim 413and seeks to have it disallowed and expunged. After conducting a diligent review of its books and records, the Claims Register and Schedules, the Debtor has concluded that it has no tax liability for the period set forth in Claim 413. The Debtor's records indicate that a final tax return was filed with the State of Ohio for the tax year ending December 31, 2000. Accordingly, the Debtor and the Trust believe the claim listed on Exhibit 7 is without merit.

44.    If Claim 413 is allowed as filed, there is a potential risk that the claimant would receive an excessive or undeserved recovery to the detriment of other creditors. Accordingly, the Trust requests that this Court grant the requested relief regarding the Disputed Claims as set forth on Exhibit 7.

**H.    Exhibit 8 -- Claims to Be Disallowed and Expunged to Conform to the Debtor's Books and Records.**

45.    The Disputed Claims listed on Exhibit 8 are various claims not included in the Debtor's books and records. The Trust objects to the Disputed Claims on Exhibit 8 and seeks to have them disallowed and expunged. After conducting a diligent review of its books and records, the Claims Register and the Schedules, the Debtor has been unable to verify the claims listed on Exhibit 8. Thus, the Trust believes the claims listed on Exhibit 8 are without merit. As

-12-

the Debtor's books and records list zero amounts for each of the Disputed Claims listed on Exhibit 8, these claims should be disallowed and expunged so that they conform to the Debtor's books and records.

46.    If these Disputed Claims are allowed as filed, there is a potential risk that the claimants would receive an excessive or undeserved recovery to the detriment of other creditors.  Accordingly, the Trust requests that this Court grant the requested relief regarding the Disputed Claims as set forth on Exhibit 8.

## RESERVATION OF RIGHTS

47.    The Trust expressly reserves the right to amend, modify, or supplement this Objection and to file additional objections to the Disputed Claims or any other claims (whether filed or not) that claimants may assert against the Debtor's estate.  Should one or more of the objections in this Objection be denied or dismissed, the Trust reserves its rights to object to the Disputed Claims on any other grounds the Trust discovers during the pendency of this case.

48.    The relief sought is in the best interest of the Debtor's estate, its creditors and other parties-in-interest and will assist the Trust in consummating the Plan and making distributions to creditors.  Accordingly, the Trust's Fifth Omnibus Objection should be granted in full.

## NOTICE

49.    The Trust is providing notice of the relief requested herein by service of a copy of this Objection and the Exhibits hereto by regular, first-class mail upon: (a) each of the parties listed on Exhibits 1-8 annexed hereto; (b) all parties having filed a notice of appearance in

the Debtor's case; and (c) the United States Trustee.  The Trust submits, and requests that this Court find, that no other or further notice of this Objection is necessary or required.

50.    The Trust requests that the requirement of filing and serving a memorandum of law pursuant to Local Bankruptcy Rule 9013-1(b) be waived as this Objection does not raise any novel legal issues.

51.    Except as expressly set forth herein, no previous request for the relief sought herein has been made to this or any other court.

[Remainder of page left intentionally blank.]

## CONCLUSION

**WHEREFORE,** the Trust respectfully requests entry of an Order, substantially in the form annexed hereto, granting the relief requested herein, and for such other and further relief as this Court may deem just and proper.

DATED:     New York, New York
           November 21, 2006

                                    **LOWENSTEIN SANDLER PC**


                                    */s/ Michael S. Etkin*
                                    Michael S. Etkin, Esq. (ME 0570)
                                    Timothy R. Wheeler, Esq. (TW 3466)
                                    1251 Avenue of the Americas. 18th Floor
                                    New York, New York 10020
                                    Telephone:  (212) 262-6700
                                    Facsimile:  (212) 262-7402

                                    - and -

                                    65 Livingston Avenue
                                    Roseland, New Jersey 07068
                                    Telephone:  (973) 597-2500
                                    Facsimile:  (973) 597-2400

                                    *Counsel to the Saltire Industrial, Inc.*
                                    *Creditors Liquidating Trust*

**EXHIBIT 1-1 -- Duplicate Retiree Benefit Claim(s) to be Expunged**

| Name | Duplicate POC# to be Expunged | Surviving POC # |
|------|------|------|
| SANTORO, MARIE | 190 | 297 |

**EXHIBIT 1-2 -- Retiree Claims to be Disallowed and Expunged**

| Name | POC# | Claim Amount | Basis for Expungement |
|---|---|---|---|
| PETRUZZI, DONALD | 138 | $4000.00 | Deceased - Life benefit paid by insurance company |
| RANDIS, EDWARD H. | 217 | $4000.00 | Deceased - Life benefit paid by insurance company |
| MANCINI, MARIE | 286 | $4000.00 | Deceased - Life benefit paid by insurance company |
| WOLFF, MRS. EDWARD | 54 | $0.00 | Surviving Spouse of deceased retiree who pays full cost of medical premiums |

**EXHIBIT 1-3 -- Retiree Claims to be Reclassified**

| Name | Type of Retiree Benefit | POC | Claim Amount | Amount listed on Sch. F | Basis for Objection and Treatment of Claim |
|------|------|------|------|------|------|
| BOYD, JULIA | Life | 135 | $4,878.00 | $4,878.00 | Reclassify from priority to general unsecured |
| WOLFF, MRS. EDWARD | Medical | 54 | $0.00 | N/A | Reclassify from priority to general unsecured |

**EXHIBIT 2 --- Deferred Compensation Claims**

| Name | POC # | Claim Amount | Amount listed on Sch. F | Proposed Treatment |
|------|-------|--------------|-------------------------|--------------------|
| HENRICKSEN, HAROLD E. | 386 | $4585.00 | $479.05 | Reduce claim amount to correspond to amended schedule F |
| LISTON, BARBARA L. | 391 | $19,258.00 | $2,063.36 | Reclassify claim from priority to general unsecured **and fix in original amount of $19,258.00** |

-19-

**EXHIBIT 3 -- Duplicate Claims to Be Disallowed and Expunged**

| Name | Duplicate POC #<br>To Be Expunged | Surviving POC # |
|------|-----------------------------------|-----------------|
| HOLT-ORSTED, SHEILA | 367 | 306 |
| HOLT-ORSTED, SHEILA | 366 | 306 |
| BROWN, DAVID | 368 | 307 |

**EXHIBIT 4 -- Contingent Personal Injury Claims and Property Damage Claims to be Disallowed and Expunged**

| Name | POC# | Claim Amount | Treatment |
|------|------|--------------|-----------|
| FOWLER, PRISCILLA MILES, JASON & JAMES STEWART | 240 | Unknown | Expunge |
| STIVERS, JOHN CHRISTOPHER, SHONDA HEFLIN AND SYDNEY STIVERS | 241 | Unknown | Expunge |
| HERKIMER, SCOTT, DARCY & SAMUEL | 242 | Unknown | Expunge |
| DAWSON, DAVID, JODIE & KASSIDY AND MASON HEIMBACH | 243 | Unknown | Expunge |
| JONES, STEVEN, MELISSA & MYA | 244 | Unknown | Expunge |
| PILAND, BARRY, CHRISTIE & LUKE | 245 | Unknown | Expunge |
| WALKER, SCOTT, DONNA & CLAYTON | 246 | Unknown | Expunge |
| WOOD, TRAVIS, AMY & LAUREN | 247 | Unknown | Expunge |
| PENTECOST, CAROLYN | 248 | Unknown | Expunge |
| ARMSTRONG, JON | 249 | Unknown | Expunge |
| ARMSTRONG, CHARLOTTE | 250 | Unknown | Expunge |
| FLAKE, RAY | 251 | Unknown | Expunge |
| FLAKE, CATHY | 252 | Unknown | Expunge |
| ATKINS, DONALD, KRISTI & HUNTER | 253 | Unknown | Expunge |
| FAMBROUGH, ANTHONY, KEYSHA & AUTUMN | 254 | Unknown | Expunge |
| DELOACH, TIMOTHY, KIMBERLY & PAXTON | 255 | Unknown | Expunge |
| COMEAUX, CHARITY & JOSHUA CAMPBELL | 256 | Unknown | Expunge |
| CHRISTIAN, ERIC & PEYTON, JENNIFER CASTEEL | 257 | Unknown | Expunge |

| | | | |
|---|---|---|---|
| BEARD, CHAD, PATRICIA & EMILY | 258 | Unknown | Expunge |
| HOLT-ORSTED, SHEILA | 306 | $40 million | Expunge |
| BROWN, DAVID | 307 | $40 million | Expunge |
| ORSTEAD, JASMINE | 308 | $40 million | Expunge |
| HOLT, BEATRICE | 309 | $40 million | Expunge |
| HOLT, PATRICK | 310 | $40 million | Expunge |
| HOLT, DEMETRIUS | 311 | $40 million | Expunge |
| BENTLEY, BEONKA | 312 | $40 million | Expunge |
| HOLT, OBRIAN | 313 | $40 million | Expunge |
| HOLT, BONITA | 314 | $40 million | Expunge |
| HOLT, BRANDON | 315 | $40 million | Expunge |
| HOLT, HARRY, ET AL. | 316 | $40 million | Expunge |
| HOLT-ORSTED, SHEILA | 366 | $40 million | Expunge |
| HOLT-ORSTED, SHEILA | 367 | $40 million | Expunge |
| BROWN, DAVID | 368 | $40 million | Expunge |

**EXHIBIT 5-1 -- Contingent Claims for Reimbursement or Contribution to Be Modified and Allowed, or Disallowed and Expunged**

| Name | POC# | Claim Amount | Treatment |
|------|------|--------------|-----------|
| MARYLAND SAND AND GRAVEL FUND | 132 | $1,760; Unliquidated | Modify and allow liquidated portion of claim in the amount of $1,750--claimant erroneously double counted 50th assessment and thereby calculated an incorrect total amount; Disallow and Expunge remainder of claim as contingent claim for reimbursement or contribution |
| FULTZ LANDFILL PRP GROUP | 328 | $606,648.00 | Disallow and Expunge as contingent claim for reimbursement or contribution |
| PACIFIC EMPLOYERS INSURANCE COMPANY & CENTURY INDEMNITY COMPANY | 464 | Unliquidated | Disallow and Expunge as contingent claim for reimbursement or contribution |

**EXHIBIT 5-2 -- Contingent Claims for Reimbursement or Contribution to Be Modified
and Allowed, or Disallowed and Expunged (Supplemental Objection; these claims
previously objected to on various grounds)**

| Name | POC# | Claim Amount | Treatment |
|---|---|---|---|
| PACIFIC EMPLOYERS INSURANCE COMPANY | 229 | Unliquidated | Disallow and Expunge as contingent claim for reimbursement or contribution |
| CENTURY INDEMNITY COMPANY | 230 | Unliquidated | Disallow and Expunge as contingent claim for reimbursement or contribution |

**EXHIBIT 6 -- Special Death Benefits Claims to Be Disallowed and Expunged**

| Name | POC # | CLAIM AMOUNT | Treatment |
|------|-------|--------------|-----------|
| STEEL, PETER L. | 330 | $316,000 | Disallow and Expunge |
| VANCE, RICHARD A. | 331 | $253,000 | Disallow and Expunge |
| CAHILL, JAMES W. | 333 | $351,000 | Disallow and Expunge |

**EXHIBIT 7 -- Tax Claim to Be Disallowed and Expunged**

| Name | POC # | CLAIM AMOUNT | Treatment |
|------|-------|--------------|-----------|
| OHIO DEPARTMENT OF TAXATION | 413 | $11,775 | Disallow and Expunge |

**EXHIBIT 8 -- Claims to Be Disallowed and Expunged to Conform with Debtor's Books and Records**

| Name | POC# | Claim Amount | Treatment |
|------|------|--------------|-----------|
| TPI CORPORATION | 364 | $85,598.66 | Disallow and Expunge; not included in Debtor's books and records |
| HAMILTON BEACH | 373 | $20,000.00 | Disallow and Expunge; not included in Debtor's books and records |
| OHIO BUREAU OF WORKERS' COMPENSATION | 463 | $34,203.93 | Disallow and Expunge; not included in Debtor's books and records |

Hearing Date:  December 21, 2006 at 10:00 a.m.
Objection Deadline:  December 14, 2006 at 4:00 p.m.

Michael S. Etkin, Esq. (ME 0570)
Timothy R. Wheeler, Esq. (TW 3466)
**LOWENSTEIN SANDLER PC**
1251 Avenue of the Americas. 18th Floor
New York, New York 10020
Telephone:  (212) 262-6700
Facsimile:  (212) 262-7402
- and -
65 Livingston Avenue
Roseland, New Jersey 07068
Telephone:  (973) 597-2500
Facsimile:  (973) 597-2400

*Counsel to the Saltire Industrial, Inc.*
*Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :    Case No.  04-15389 [BRL]
         SALTIRE INDUSTRIAL, INC.,                               :
                                                                 :
                                 Debtor.                         :
                                                                 :
-----------------------------------------------------------------x

**NOTICE OF THE SALTIRE INDUSTRIAL, INC. CREDITORS LIQUIDATING**
**TRUST'S FIFTH OMNIBUS OBJECTION SEEKING TO (i) DISALLOW AND**
**EXPUNGE, OR RECLASSIFY CERTAIN RETIREE CLAIMS; (ii) REDUCE AND/OR**
**RECLASSIFY CERTAIN DEFERRED COMPENSATION CLAIMS; (iii) DISALLOW**
**AND EXPUNGE CERTAIN DUPLICATE CLAIMS; (iv) DISALLOW AND EXPUNGE**
**CERTAIN PERSONAL INJURY AND PROPERTY DAMAGE CLAIMS; (v)**
**DISALLOW AND EXPUNGE OR MODIFY CERTAIN CONTINGENT CLAIMS FOR**
**REIMBURSEMENT OR CONTRIBUTION; (vi) DISALLOW AND EXPUNGE**
**CERTAIN SPECIAL DEATH BENEFIT CLAIMS; (vii) DISALLOW AND EXPUNGE**
**CERTAIN TAX CLAIMS; AND (viii) DISALLOW AND EXPUNGE CERTAIN CLAIMS**
**TO CORRESPOND TO THE DEBTOR'S BOOKS AND RECORDS**

**(CLAIM NOS. 54, 132, 135, 138, 190, 217, 229, 230, 240, 241, 242, 243, 244, 245, 246, 247,**
**248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 286, 306, 307, 308, 309, 310, 311, 312,**
**313, 314, 315, 316, 328, 330, 331, 333, 364, 366, 367, 368, 373, 386, 391, 413, 463, and 464)**

**TO ALL PARTIES ON THE ANNEXED SERVICE LIST:**

        **PLEASE TAKE NOTICE** that upon the annexed objection (the "Objection"), Saltire Industrial, Inc. Creditors Liquidating Trust (the "Trust"), by its attorneys, Lowenstein Sandler PC, will move before the Honorable Burton R. Lifland, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 623, One Bowling Green, New York, New York 10004-1408, on December 21, 2006 at 10:00 AM (the "Hearing"), or as soon thereafter as counsel may be heard, for entry of an Order regarding certain claims filed against the Debtor's estate.

        **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought by the Trust's Objection must be in writing, conform to the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and must be filed and served so as to be received no later than 4:00 p.m. on December 14, 2006 (the "Objection Deadline").

        **PLEASE TAKE FURTHER NOTICE** that pursuant to General Order M-182, any objection filed by parties with legal representation shall be filed on or before the Objection Deadline (i) through the Bankruptcy Court's Electronic Case Filing System ("ECF") which may be accessed at the Bankruptcy Court's Internet web site at www.nysb.uscourts.gov, using Netscape Navigator software version 3.0 or higher, and (ii) in portable document format ("PDF") using Adobe Exchange software for conversion.

        **PLEASE TAKE FURTHER NOTICE** that any party that is either without legal representation or that is unable to file documents electronically shall file its objection on or before the Objection Deadline in PDF format on a 3-1/2" floppy diskette in an envelope clearly

marked with the case name, case number, type and title of document, document number of the document to which the objection refers and the file name of the document.

PLEASE TAKE FURTHER NOTICE that a hard copy of any objection must be delivered to the Chambers of the Honorable Burton R. Lifland, at the United States Bankruptcy Court for the Southern District of New York, Room 625, One Bowling Green, New York, New York 10004-1408, on or before the Objection Deadline.

PLEASE TAKE FURTHER NOTICE that objections, if any, must be served in accordance with the provisions of General Order M-242 so that they are received on or before the Objection Deadline by Lowenstein Sandler PC, attorneys for the Liquidating Trustee, 65 Livingston Avenue, Roseland, New Jersey 07068, Attn:  Michael S. Etkin, Esq.

DATED:   New York, New York
              November 21, 2006

                              LOWENSTEIN SANDLER PC


                       By: */s/ Michael S. Etkin*
                              Michael S. Etkin, Esq. (ME 0570)
                              Timothy R. Wheeler, Esq. (TW 3466)
                              1251 Avenue of the Americas. 18th Floor
                              New York, New York 10020
                              Telephone:  (212) 262-6700
                              Facsimile:  (212) 262-7402
                              - and -
                              65 Livingston Avenue
                              Roseland, New Jersey 07068
                              Telephone:  (973) 597-2500
                              Facsimile:  (973) 597-2400

                              *Counsel to the Saltire Industrial, Inc.*
                              *Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
:
In re:                                              :    Chapter 11
:    Case No.  04-15389 [BRL]
SALTIRE INDUSTRIAL, INC.,                           :
:
Confirmed Debtor:                  :
**:**
-------------------------------------------------------------------x

**ORDER GRANTING SALTIRE INDUSTRIAL, INC. CREDITORS LIQUIDATING**
**TRUST'S FIFTH OMNIBUS OBJECTION SEEKING TO (i) DISALLOW AND**
**EXPUNGE, OR RECLASSIFY CERTAIN RETIREE CLAIMS; (ii) REDUCE AND/OR**
**RECLASSIFY CERTAIN DEFERRED COMPENSATION CLAIMS; (iii) DISALLOW**
**AND EXPUNGE CERTAIN DUPLICATE CLAIMS; (iv) DISALLOW AND EXPUNGE**
**CERTAIN PERSONAL INJURY AND PROPERTY DAMAGE CLAIMS; (v)**
**DISALLOW AND EXPUNGE OR MODIFY CERTAIN CONTINGENT CLAIMS FOR**
**REIMBURSEMENT OR CONTRIBUTION; (vi) DISALLOW AND EXPUNGE**
**CERTAIN SPECIAL DEATH BENEFIT CLAIMS; (vii) DISALLOW AND EXPUNGE**
**CERTAIN TAX CLAIMS; AND (viii) DISALLOW AND EXPUNGE CERTAIN CLAIMS**
**TO CORRESPOND TO THE DEBTOR'S BOOKS AND RECORDS**

**(CLAIM NOS. 54, 132, 135, 138, 190, 217, 229, 230, 240, 241, 242, 243, 244, 245, 246, 247,**
**248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 286, 306, 307, 308, 309, 310, 311, 312,**
**313, 314, 315, 316, 328, 330, 331, 333, 364, 366, 367, 368, 373, 386, 391, 413, 463, and 464)**

Upon the fifth omnibus objection (the "Objection") of the Saltire Industrial, Inc.

Creditors Liquidating Trust (the "Trust"), by its attorneys, Lowenstein Sandler PC, seeking entry

of an Order disallowing and expunging certain contingent claims for reimbursement or

contribution (the "Disputed Claims"), as identified in the exhibits annexed to the Objection; and

good and sufficient notice of the Objection having been given, and no further or other notice

being necessary, and the Objection having been considered at a hearing conducted before the

Court on December 21, 2006 (the "Hearing"); and upon the record made at the Hearing and

decision reached at the conclusion thereof, and upon all of the prior proceedings herein; and good and sufficient cause appearing, it is

**ORDERED**, that the relief sought in the Objection be, and it hereby is, granted as modified herein;  and it is further

**ORDERED**, that the Disputed Claims listed on Exhibit 1-1, as annexed hereto, be, and they hereby are expunged; and it is further

**ORDERED**, that the Disputed Claims listed on Exhibit 1-2, as annexed hereto, be, and they hereby are expunged; and it is further

**ORDERED**, that the Disputed Claims listed on Exhibit 1-3, as annexed hereto, be, and they hereby are expunged; and it is further

**ORDERED**, that the Disputed Claims listed on Exhibit 2, as annexed hereto, be, and they hereby are expunged; and it is further

**ORDERED**, that the Disputed Claims listed on Exhibit 3, as annexed hereto, be, and they hereby are expunged; and it is further

**ORDERED**, that the Disputed Claims listed on Exhibit 4, as annexed hereto, be, and they hereby are expunged; and it is further

**ORDERED**, that the Disputed Claims listed on Exhibit 5-1, as annexed hereto, be, and they hereby are expunged; and it is further

**ORDERED**, that the Disputed Claims listed on Exhibit 5-2, as annexed hereto, be, and they hereby are expunged; and it is further

**ORDERED**, that the Disputed Claims listed on Exhibit 6, as annexed hereto, be, and they hereby are expunged; and it is further

**ORDERED**, that the Disputed Claims listed on Exhibit 7, as annexed hereto, be, and they hereby are expunged; and it is further

**ORDERED**, that the Disputed Claims listed on Exhibit 8, as annexed hereto, be, and they hereby are expunged; and it is further

**ORDERED,** that the hearing on the Disputed Claims listed on Exhibit ___, as annexed hereto, shall be adjourned to _____ ___, 2006.

**ORDERED**, that this Order is without prejudice to the Trust's right to object to the Disputed Claims on grounds other than as stated in the Objection and is without prejudice to the Trust's right to object on any grounds as to all other claims filed herein, including any other claims held by the claimants whose claims are the subject of the Objection; and it is further

**ORDERED**, that this Court shall retain jurisdiction over the Trust and the claimants whose claims are the subject of the Objection respecting any matters related to, or arising from, the implementation of this Order.

DATED:      New York, New York
            December ___, 2006

_____
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1-1 -- Duplicate Retiree Benefit Claim(s) to be Expunged**

| Name | Duplicate POC# to be Expunged | Surviving POC # |
|------|-------------------------------|-----------------|
| SANTORO, MARIE | 190 | 297 |

**EXHIBIT 1-2 -- Retiree Claims to be Disallowed and Expunged**

| Name | POC# | Claim Amount | Basis for Expungement |
|------|------|--------------|------------------------|
| PETRUZZI, DONALD | 138 | $4000.00 | Deceased - Life benefit paid by insurance company |
| RANDIS, EDWARD H. | 217 | $4000.00 | Deceased - Life benefit paid by insurance company |
| MANCINI, MARIE | 286 | $4000.00 | Deceased - Life benefit paid by insurance company |
| WOLFF, MRS. EDWARD | 54 | $0.00 | Surviving Spouse of deceased retiree who pays full cost of medical premiums |

**EXHIBIT 1-3 -- Retiree Claims to be Reclassified**

| Name | Type of Retiree Benefit | POC | Claim Amount | Amount listed on Sch. F | Basis for Objection and Treatment of Claim |
|---|---|---|---|---|---|
| BOYD, JULIA | Life | 135 | $4,878.00 | $4,878.00 | Reclassify from priority to general unsecured |
| WOLFF, MRS. EDWARD | Medical | 54 | $0.00 | N/A | Reclassify from priority to general unsecured |

**EXHIBIT 2 --- Deferred Compensation Claims**

| Name | POC # | Claim Amount | Amount listed on Sch. F | Proposed Treatment |
|------|-------|--------------|-------------------------|--------------------|
| HENRICKSEN, HAROLD E. | 386 | $4585.00 | $479.05 | Reduce claim amount to correspond to amended schedule F |
| LISTON, BARBARA L. | 391 | $19,258.00 | $2,063.36 | Reclassify claim from priority to general unsecured **and fix in original amount of $19,258.00** |

-7-

**EXHIBIT 3 -- Duplicate Claims to Be Disallowed and Expunged**

| Name | Duplicate POC #<br>To Be Expunged | Surviving POC # |
|------|------------------------------------|-----------------|
| HOLT-ORSTED, SHEILA | 367 | 306 |
| HOLT-ORSTED, SHEILA | 366 | 306 |
| BROWN, DAVID | 368 | 307 |

**EXHIBIT 4 -- Contingent Personal Injury Claims and Property Damage Claims to be Disallowed and Expunged**

| Name | POC# | Claim Amount | Treatment |
|------|------|--------------|-----------|
| FOWLER, PRISCILLA MILES, JASON & JAMES STEWART | 240 | Unknown | Expunge |
| STIVERS, JOHN CHRISTOPHER, SHONDA HEFLIN AND SYDNEY STIVERS | 241 | Unknown | Expunge |
| HERKIMER, SCOTT, DARCY & SAMUEL | 242 | Unknown | Expunge |
| DAWSON, DAVID, JODIE & KASSIDY AND MASON HEIMBACH | 243 | Unknown | Expunge |
| JONES, STEVEN, MELISSA & MYA | 244 | Unknown | Expunge |
| PILAND, BARRY, CHRISTIE & LUKE | 245 | Unknown | Expunge |
| WALKER, SCOTT, DONNA & CLAYTON | 246 | Unknown | Expunge |
| WOOD, TRAVIS, AMY & LAUREN | 247 | Unknown | Expunge |
| PENTECOST, CAROLYN | 248 | Unknown | Expunge |
| ARMSTRONG, JON | 249 | Unknown | Expunge |
| ARMSTRONG, CHARLOTTE | 250 | Unknown | Expunge |
| FLAKE, RAY | 251 | Unknown | Expunge |
| FLAKE, CATHY | 252 | Unknown | Expunge |
| ATKINS, DONALD, KRISTI & HUNTER | 253 | Unknown | Expunge |
| FAMBROUGH, ANTHONY, KEYSHA & AUTUMN | 254 | Unknown | Expunge |
| DELOACH, TIMOTHY, KIMBERLY & PAXTON | 255 | Unknown | Expunge |
| COMEAUX, CHARITY & JOSHUA CAMPBELL | 256 | Unknown | Expunge |
| CHRISTIAN, ERIC & PEYTON, JENNIFER CASTEEL | 257 | Unknown | Expunge |

| | | | |
|---|---|---|---|
| BEARD, CHAD, PATRICIA & EMILY | 258 | Unknown | Expunge |
| HOLT-ORSTED, SHEILA | 306 | $40 million | Expunge |
| BROWN, DAVID | 307 | $40 million | Expunge |
| ORSTEAD, JASMINE | 308 | $40 million | Expunge |
| HOLT, BEATRICE | 309 | $40 million | Expunge |
| HOLT, PATRICK | 310 | $40 million | Expunge |
| HOLT, DEMETRIUS | 311 | $40 million | Expunge |
| BENTLEY, BEONKA | 312 | $40 million | Expunge |
| HOLT, OBRIAN | 313 | $40 million | Expunge |
| HOLT, BONITA | 314 | $40 million | Expunge |
| HOLT, BRANDON | 315 | $40 million | Expunge |
| HOLT, HARRY, ET AL. | 316 | $40 million | Expunge |
| HOLT-ORSTED, SHEILA | 366 | $40 million | Expunge |
| HOLT-ORSTED, SHEILA | 367 | $40 million | Expunge |
| BROWN, DAVID | 368 | $40 million | Expunge |

**EXHIBIT 5-1 -- Contingent Claims for Reimbursement or Contribution to Be Modified
and Allowed, or Disallowed and Expunged**

| Name | POC# | Claim Amount | Treatment |
|---|---|---|---|
| MARYLAND SAND AND GRAVEL FUND | 132 | $1,760; Unliquidated | Modify and allow liquidated portion of claim in the amount of $1,750--claimant erroneously double counted 50th assessment and thereby calculated an incorrect total amount;<br>Disallow and Expunge remainder of claim as contingent claim for reimbursement or contribution |
| FULTZ LANDFILL PRP GROUP | 328 | $606,648.00 | Disallow and Expunge as contingent claim for reimbursement or contribution |
| PACIFIC EMPLOYERS INSURANCE COMPANY & CENTURY INDEMNITY COMPANY | 464 | Unliquidated | Disallow and Expunge as contingent claim for reimbursement or contribution |

**EXHIBIT 5-2 -- Contingent Claims for Reimbursement or Contribution to Be Modified
and Allowed, or Disallowed and Expunged (Supplemental Objection; these claims
previously objected to on various grounds)**

| Name | POC# | Claim Amount | Treatment |
|------|------|-------------|-----------|
| PACIFIC EMPLOYERS INSURANCE COMPANY | 229 | Unliquidated | Disallow and Expunge as contingent claim for reimbursement or contribution |
| CENTURY INDEMNITY COMPANY | 230 | Unliquidated | Disallow and Expunge as contingent claim for reimbursement or contribution |

**EXHIBIT 6 -- Special Death Benefits Claims to Be Disallowed and Expunged**

| Name | POC # | CLAIM AMOUNT | Treatment |
|------|-------|--------------|-----------|
| STEEL, PETER L. | 330 | $316,000 | Disallow and Expunge |
| VANCE, RICHARD A. | 331 | $253,000 | Disallow and Expunge |
| CAHILL, JAMES W. | 333 | $351,000 | Disallow and Expunge |

**EXHIBIT 7 -- Tax Claim to Be Disallowed and Expunged**

| Name | POC # | CLAIM AMOUNT | Treatment |
|---|---|---|---|
| OHIO DEPARTMENT OF TAXATION | 413 | $11,775 | Disallow and Expunge |

**EXHIBIT 8 -- Claims to Be Disallowed and Expunged to Conform with Debtor's Books and Records**

| Name | POC# | Claim Amount | Treatment |
|------|------|--------------|-----------|
| TPI CORPORATION | 364 | $85,598.66 | Disallow and Expunge; not included in Debtor's books and records |
| HAMILTON BEACH | 373 | $20,000.00 | Disallow and Expunge; not included in Debtor's books and records |
| OHIO BUREAU OF WORKERS' COMPENSATION | 463 | $34,203.93 | Disallow and Expunge; not included in Debtor's books and records |