# EXHIBIT B

```
                                     751AASALM.txt
                                                                              1
         751AASALM              Motion
   1     UNITED STATES DISTRICT COURT
   1     SOUTHERN DISTRICT OF NEW YORK
   2     ------------------------------x
   2
   3     IN RE:  SALTIRE INDUSTRIAL
   3     INC.,
   4
   4                                           06 CV 4451 (AKH)
   5     ------------------------------x
   5                                           New York, N.Y.
   6                                           May 1, 2007
   6                                           4:00 p.m.
   7
   7     Before:
   8
   8                       HON. ALVIN K. HELLERSTEIN,
   9
   9                                           District Judge
  10
  10                            APPEARANCES
  11
  11     ORRICK, HERRINGTON & SUTCLIFFE LLP
  12          Attorneys for Plaintiff
  12     BY:   LORRAINE S. McGOWEN
  13                       and
  13     BY:   ALYSSA ENGLUND
  14
  14     NAACP LEGAL DEFENSE FUND
  15          Attorney for Holt
  15     BY:   MATTHEW B. COLANGELO
  16
  16     MILBANK, TWEED, HADLEY & MCCLOY LLP
  17          Attorneys for Alper
  17     BY:   JESSICA L. FINK
  18
  18
  19     REYNOLDS, POTTER, RAGAN & VANDIVORT, PLC
  19          Attorneys for County of Dickson
  20     BY:   TIMOTHY V. POTTER
  20                       and
  21     BY:   KIRK VANDIVORT
  21
  22     MARILYN SIMON & ASSOCIATES
  22          Attorneys for CITY OF DICKSON
  23     BY:   MARILYN SIMON
  23                       and
  24     BY:   TERESA RICKS
  24
  25     LOWENSTEIN SANDLER PC
  25          Attorneys for Saltire Trust
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                 (212) 805-0300
                                                                              2
         751AASALM              Motion
   1     BY:   MICHAEL S. ETKIN
   1
   2
   3
   4
   5
   6
                                     Page 1
```

```
                              751AASALM.txt
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
                      SOUTHERN DISTRICT REPORTERS, P.C.
                               (212) 805-0300
                                                                          3
         751AASALM                 Motion
 1
 2               (Case called)
 3               THE COURT:  Thank you and be seated, please.
 4               Mr. Etkin, where do things stand in the bankruptcy?
 5               MR. ETKIN:  Well, let me give you at least the state
 6       of play generally, your Honor, as well as the state of play
 7       with some of the claims that are alluded to in the papers
 8       before you and issues that are before you.
 9               With respect to the bankruptcy proceeding itself most
10       of the claims have been resolved either by stipulation or
11       otherwise.  There are several I would call larger claims that
12       remain unresolved and that are the subject of claim objections
13       in the bankruptcy proceeding.
14               THE COURT:  This is generally speaking, not just
15       confined to the case here.
16               MR. ETKIN:  Generally speaking, your Honor, but
17       confining that to the case here --
18               THE COURT:  I want to know both.
19               MR. ETKIN:  I think there is a relationship because
20       there are only a handful of claims that remain unresolved and
21       of those claims and I think there may be somewhere in the
22       vicinity of four or five of them, two of them are involved in
23       this proceeding.
24               THE COURT:  So about half the claims.
25               MR. ETKIN:  Yes.  Holt, the Holt claim, obviously,
                      SOUTHERN DISTRICT REPORTERS, P.C.
                               (212) 805-0300
                                                                          4
         751AASALM                 Motion
 1       remains unresolved, and the claim of the county of Dickson
 2       remains unresolved.  And just from the standpoint of what's
 3       asserted the asserted amounts of those claims they are
 4       significant in dollar amount.  How they play out ultimately,
 5       your Honor, is a difference.
 6               THE COURT:  Well, the Holt is an unliquidated claim.
 7               MR. ETKIN:  Unliquidated claim.
 8               THE COURT:  County Dickson, is that a derivative --
 9               MR. ETKIN:  Your Honor, that's a good question.
10               THE COURT:  Thank you.  It's reassuring at four o'
11       clock.
                                    Page 2
```

```
                         751AASALM.txt
12            MR. ETKIN:  That was more for my benefit than yours,
13   your Honor, because I am still scratching my head a little bit
14   over that claim.
15            THE COURT:  So you are taking it back with you, the
16   compliment is no longer on the table.
17            MR. ETKIN:  No.  No.  No.  I guess four o' clock I am
18   not thinking as quickly as I should.
19            But the County of Dickson claim, your Honor, is
20   appears to at least be a hybrid.  Initially when the first
21   claim objection was filed in the bankruptcy proceeding to the
22   County of Dickson's claim the response, a copy of which we've
23   appended to our papers in connection with this motion for
24   reconsideration made it clear to us at least, that that claim
25   was a derivative claim for indemnification or contribution
                      SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
                                                                        5
     751AASALM                      Motion
 1   based upon the then pending personal injury and property damage
 2   litigation.
 3            That claim appears to have morphed somewhat over the
 4   course of the bankruptcy proceeding to one that also involves
 5   reimbursement for the closing of the landfill owned by the
 6   county.  But as far as we know it's hybrid of both.  That claim
 7   has not been resolved in the bankruptcy proceeding.  The only
 8   claim that has been resolved as it relates to the parties
 9   before you this afternoon is the City of Dickson's claim which
10   was previously expunged in the bankruptcy proceeding.
11            THE COURT:  It seems to me that the claim for
12   reimbursement of closing expenses is a different category of
13   claim, from a claim for indemnification of contribution with
14   respect to the Holt litigation.
15            MR. ETKIN:  Facially, your Honor, it would appear to
16   be so.  We have a sense that, however, that there is some
17   overlap whether intentional or not which we have to get to the
18   bottom of in the context of the bankruptcy case.  There has
19   been some limited discovery that has taken place with respect
20   to that claim objection.
21            THE COURT:  Well, I need to know that, folks, because
22   that's going to effect how I consider the case.  There is one
23   other question on this aspect of it.  Some of the Holt
24   plaintiffs have settled.  Is there a claim by the city and
25   county for contribution or indemnification with respect to the
                      SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
                                                                        6
     751AASALM                      Motion
 1   settled claims?
 2            MR. ETKIN:  Your Honor, as far as I know there has
 3   been no settlement with respect to any of the Holt plaintiffs.
 4   What has settled were the group of plaintiffs that are referred
 5   to as the Atkins plaintiffs which was originally one of the
 6   sets of personal injury cases that were the subjects of the
 7   157(B)(5) motion.
 8            THE COURT:  That's settled.
 9            MR. ETKIN:  By final order of the bankruptcy Court.
10            THE COURT:  Is there a claim for contribution
11   emanating from that?
12            MR. ETKIN:  There is not, your Honor, because as I
13   understand it both the city and the county have also settled
14   with the Atkin's plaintiffs and as far as I know there was no
15   actual cash that changed hands, but just an assignment of a
16   portion of the city and county's claim to the Atkin's
                                 Page 3
```

```
                              751AASALM.txt
17       plaintiffs as part of the consideration for the settlement.
18                And in any event, your Honor, the county's claim still
19       remains pending whether they are going to attempt to seek some
20       reimbursement in connection with the costs of that litigation.
21       I can't tell you standing here right now, but the city's claim
22       has claim has been expunged.  So that's no longer an issue for
23       the bankruptcy estate.
24                THE COURT:  How much is the amount sought by way of
25       reimbursement for closing the landfill?
                         SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300
                                                                         7
         751AASALM                   Motion
1                 MR. ETKIN:  Well, the amount that he sought in the
2        county claim, your Honor, is approximately $4 million.
3                 THE COURT:  That's everything?
4                 MR. ETKIN:  As far as I know that's all there.
5                 THE COURT:  Is there a component for reimbursement of
6        closing expenses?
7                 MR. ETKIN:  There are a whole host of expenses, your
8        Honor, relating to the landfill and the allegations that the
9        county has made in connection with what the debtor or the
10       debtor's predecessor had done in connection with the landfill.
11       I can't tell you.  We've sought some discovery.  We've gotten
12       some responses.  This isn't the form to comment on how helpful
13       or unhelpful those responses were.  That's a matter for Judge
14       Lifland in the bankruptcy proceeding.  But just standing here,
15       your Honor, we just don't know what all of the components of
16       those costs involve.
17                THE COURT:  With regard to the two or three claims
18       other than the Holt plaintiff's claims, what is the nature of
19       those?
20                MR. ETKIN:  One of the claims, your Honor, is a claim
21       by the Ohio Bureau of Workman's Compensation for unpaid
22       reimbursement of workman's compensation claims as well as
23       unpaid assessments.  And we just had a hearing before Judge
24       Lifland on several issues relating to that claim.
25                The other claim is an unrelated landfill that the
                         SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300
                                                                         8
         751AASALM                   Motion
1        debtor at one point in time operated in that that claim is
2        being negotiated and will hopefully be resolved.  From a
3        dollars and cents standpoint that that claim in at least
4        asserted amount pales in comparison.
5                 The other claim is a claim on the part of Newtone as
6        well as several former senior executives of the debtor in
7        connection with payment of certain retirement benefits, that
8        Newtone had assumed the obligations for those benefits and wee
9        attempting to deal with both of those sets of claims.  They are
10       related claims, not Newtone claims.  By virtue of their
11       contractual arrangement on the sale of the business to them
12       many years ago and the employees themselves made claims based
13       upon their retirement benefits and the contractual arrangements
14       that they had with the debtor many years ago.
15                THE COURT:  My original order in response to your
16       motion was to accept the transfer order if transferred to me
17       for purpose of onward transfer to Judge Lifland and that was
18       considered by you inappropriate.  When I hear about the claim
19       for reimbursement of the expenses for closing the landfill that
20       seems to be a core type of bankruptcy dispute that should stay
21       in the bankruptcy court.
                                    Page 4
```

```
                               751AASALM.txt
22             MR. ETKIN:  Your Honor, the county's claims against
23    the estate will stay in the bankruptcy court.  They are
24    captives of the bankruptcy proceeding whether they like it or
25    not.  That claim is going to be there and going to be resolved
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                 (212) 805-0300
                                                                       9
      751AASALM                      Motion
 1    there.
 2             THE COURT:  What about the city's claim?
 3             MR. ETKIN:  The city's claim has been expunged, so
 4    that the city is no longer an issue as far as my client is
 5    concerned.
 6             THE COURT:  What about --
 7             MR. ETKIN:  The Holts on the other hand.
 8             THE COURT:  I know about the Holts.  We are going to
 9    leave that for the moment.
10             But as far as the claim of the county for
11    indemnification or contribution goes, has that been expunged?
12             MR. ETKIN:  That has not been expunged.
13             THE COURT:  So what has been expunged?
14             MR. ETKIN:  No claim that the county has asserted in
15    the bankruptcy proceeding has been expunged.  The claim is the
16    subject of a claim objection that is being litigated before
17    Judge Lifland in the bankruptcy proceeding.
18             THE COURT:  Now, given that, is there any room for me
19    to entertain any claim by the county?
20             MR. ETKIN:  Not as against the debtor, your Honor.
21             THE COURT:  That's all I am concerned about.  What
22    about the city?
23             MR. ETKIN:  Well, not as against the debtor most
24    certainly, only because their claim against the debtor has been
25    expunged.
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                 (212) 805-0300
                                                                      10
      751AASALM                      Motion
 1             THE COURT:  All right.  Now, there is a complication
 2    with regard to all the claims by the Holt, against the
 3    liquidating trust, against the city and against the county.
 4             MR. ETKIN:  Correct, your Honor, which led us to the
 5    filing of the 157 (B) (5) motion in the first --
 6             THE COURT:  I understand, but looking now to the claim
 7    by the county and the city derivative of the claims against
 8    this county and the city, what is your position?
 9             MR. ETKIN:  With respect to the Holt litigation, your
10    Honor?
11             THE COURT:  Yes.
12             MR. ETKIN:  Your Honor, I believe and it's set forth
13    in our papers that all of those matters should be litigated
14    here before you.
15             THE COURT:  Because of the jury trial.
16             MR. ETKIN:  Well, because of the jury trial aspect as
17    it relates to the Holts.  But the idea of getting everything
18    potentially under one roof or in one forum is from our
19    perspective very significant from a cost standpoint and from
20    the speed with which we can ultimately resolve these related
21    claims.  These claims are all related to one another.
22             THE COURT:  Now, this same thing applies in the state
23    court of Tennessee or the federal court in the Middle District
24    of Tennessee.  It doesn't make any difference which judge will
25    hear the case.
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                    Page 5
```

```
                        751AASALM.txt
                        (212) 805-0300
                                                                         11
         751AASALM              Motion
  1              MR. ETKIN:  Well --
  2              THE COURT:  As long as they're all together.
  3              MR. ETKIN:  Number one, your Honor, they are never
  4      going to be all together because the -- number one, the
  5      county's claims against the debtor is going to be resolved in
  6      the bankruptcy proceeding.
  7              The Holts claims against the debtor, they filed a
  8      proof of claim in the bankruptcy proceeding and that claim has
  9      been objected to.  That's the subject matter of the Tennessee
 10      litigation.  And that claim, at least the personal injury
 11      aspects of that claim, for purposes of liquidation cannot be
 12      resolved by the bankruptcy court.  There are aspects of the
 13      claim which can be resolved by the bankruptcy court.  But
 14      ultimately if there is no summary basis to expunge the claim in
 15      the bankruptcy proceeding, if there needs to be a trial on the
 16      merits that will take place in this courthouse.
 17              THE COURT:  Or in Tennessee.
 18              MR. ETKIN:  Well, I don't believe it'll take place in
 19      Tennessee unless some effort is made by the Holts to
 20      affirmatively try to get the case or that aspect of the case to
 21      Tennessee because, ultimately, since the bankruptcy court by
 22      statute cannot without the consent of the Holts conduct a jury
 23      trial and try the personal injury case it would have to be done
 24      in an Article III court in this court.
 25              THE COURT:  Or in a state court.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
                                                                         12
         751AASALM              Motion
  1              MR. ETKIN:  Not if we can help you it, your Honor.
  2              THE COURT:  Well --
  3              MR. ETKIN:  Because we would resist that.
  4              THE COURT:  Why?
  5              MR. ETKIN:  Because we don't want to go down to
  6      Tennessee and expend the resources to go down to Tennessee and
  7      litigate that case in Tennessee.
  8              THE COURT:  Why should they come up here?
  9              MR. ETKIN:  Because they're mandated to come up here
 10      because they'll subjected themselves to the jurisdiction of
 11      bankruptcy court by virtually filing the proof of claim.  Now,
 12      that doesn't deny them the jury trial right and it doesn't
 13      essentially do away with 157 (B) which requires --
 14              THE COURT:  If they did not file a claim.  They would
 15      have waived the claim.
 16              MR. ETKIN:  If they would waive the claim I would pack
 17      up my bags and I would go home.
 18              THE COURT:  If they didn't file a claim --
 19              MR. ETKIN:  I wouldn't be here in the first place.
 20      Kind of like the Lavinia Holt situation by analogy, your Honor.
 21      The Lavinia Holts plaintiffs didn't file a proof of claim, only
 22      brought their lawsuit post petition in violation of the
 23      automatic stay.  So our view of that case and the estates
 24      exposure with respect to that case is much different than the
 25      Harry Holt case.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
                                                                         13
         751AASALM              Motion
  1              THE COURT:  Look.  Harry Holt couldn't sue anywhere
  2      while the stay was in force.
                                Page 6
```

```
                         751AASALM.txt
 3              MR. ETKIN:  Couldn't sue the debtor.
 4              THE COURT:  Right.  And the debtor is a primary
 5    defendant.  Their claim is that the water was poisoned.  It's a
 6    poisoned well case.  They claim that the pollution carried on
 7    by the debtor's predecessor caused the water to be poisoned.
 8    They had polluted drinking water and they contracted cancer.
 9    They don't go into the truth or not the truth, but I will
10    accept it at full face value and so they have an important
11    claim.  They cannot do anything with it because they're stayed
12    for over two years and they have to file a claim in the
13    bankruptcy or in order not to waiver.
14              MR. ETKIN:  That is correct, your Honor.
15              THE COURT:  All right.  So now the stay is finished
16    and they can litigate and as between their having to come here
17    to litigate a claim that will depend on witnesses in Tennessee
18    and incur the expenses of coming here versus having you go
19    there, the balances of equities are clear it ain't with you.
20              MR. ETKIN:  Well, I would suggest, your Honor, that
21    there are other considerations.
22              THE COURT:  Like?
23              MR. ETKIN:  Like from the standpoint of filing the
24    claim in the bankruptcy proceeding and subjecting them to the
25    jurisdiction of the bankruptcy court and their need to resolve
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
                                                                       14
      751AASALM                     Motion
 1    that claim.  Normally most any claims other than personal
 2    injury claims which as we all know are treated somewhat
 3    differently, but the need to resolve that in the bankruptcy
 4    proceeding or if not to resolve that in this district court,
 5    unless they take action and attempt to move that case from the
 6    district court to Tennessee, as I understand it they're
 7    relegated to litigating here.
 8              Now, they have chosen to litigate here.
 9              THE COURT:  I have discretion and I resolve that
10    discretion by ordering the case to go forward in the Tennessee
11    state courts.
12              MR. ETKIN:  And that, your Honor, resolves the issue
13    of the Tennessee litigation but it does not, in our view,
14    resolve the issue of where they need to be or where they have
15    to be unless they, themselves, take separate action in
16    resolving their claims against the estate.
17              THE COURT:  I don't understand that.
18              MR. ETKIN:  Your Honor, we sought through 157(B)(5)
19    the transfer of the entire litigation here as we believe we're
20    entitled at the do in 157 --
21              THE COURT:  And everybody fell asleep and yours was
22    the only application on my desk and you won.  Then everybody
23    woke up.
24              MR. ETKIN:  But that, your Honor, involves the
25    transfer of the underlying Tennessee litigation.  Your decision
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
                                                                       15
      751AASALM                     Motion
 1    in terms of abstaining and sending the case back down to
 2    Tennessee in my view, and I think that that view is shared by
 3    the Holts, does not resolve the question of where the Holt's
 4    claim against the estate is going --
 5              THE COURT:  It seems to me there is two steps.  Step
 6    No. 1 is adjudicating the merits.  Step No. 2 is aduced to
 7    judgment, is bringing that up here and asking to be paid.  In
                                  Page 7
```

```
                         751AASALM.txt
 8      that case I guess there will have to be some kind of gradable
 9      payment, gradable with all other creditors unless there is some
10      kind of priority and I don't know of any priority.
11              MR. ETKIN:  You are right, your Honor, there is no
12      priority.  It would be a general unsecured claim but --
13              THE COURT:  Which will now be reduced to a judgment,
14      hypothetically.
15              MR. ETKIN:  Hypothetically, your Honor.  But in the
16      context of the filing of a proof of claim in the bankruptcy
17      proceeding and the filing of the objection by the estate with
18      respect to that proof of claim starts, commences a contested
19      matter under the bankruptcy code which absent the withdrawal of
20      the reference to the district court, which by statute I would
21      presume would be granted would allow them to move the case to
22      the district court without much fight from us from the
23      standpoint of liquidating the claim for distribution purposes
24      and getting their jury trial.  But it would not automatically
25      cause their claim, the claimed proceeding, the claim objection
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
                                                                   16
        751AASALM              Motion
 1      to move down to Tennessee.
 2              THE COURT:  Do that again.  The reference is removed.
 3      The case comes back to me from --
 4              MR. ETKIN:  The bankruptcy court in Southern District.
 5              THE COURT:  What are my discretionary powers?
 6              MR. ETKIN:  At that point there wouldn't be much in
 7      the way of discretionary powers unless the Holts decided that
 8      they wanted to do something in order to get the case
 9      transferred down to Tennessee.
10              THE COURT:  They want to have it transferred to
11      Tennessee, preferably the state court, less preferably to me in
12      the federal court in Tennessee.  That's clear, right?
13              MR. COLANGELO:  Your Honor, we had asked that the case
14      be transferred in full to this court.  And let me see if I can
15      try to clarify.
16              THE COURT:  You want to try your case here?
17              MR. COLANGELO:  That is exactly correct and let me
18      explain why.  I think what Mr. Etkin is saying is that a part
19      of this case, a part of the Holt plaintiffs claims all stemming
20      from the same poisoned well that you referenced, a part of that
21      will invariably end up in this court regardless of the outcome
22      of this specific motion.
23              THE COURT:  What part?
24              MR. COLANGELO:  The part that has to do with the Holt
25      plaintiffs claims against the debtor, and let me explain why.
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
                                                                   17
        751AASALM              Motion
 1      The Holt plaintiffs have sued four defendants, the debtor.  The
 2      debtor's parent company, the City of Dickson and the County of
 3      Dickson, all stemming from the same poisoned well circumstances
 4      and have asserted personal injury and property damage claims.
 5              Now, as you pointed out, when Saltire filed for
 6      bankruptcy in the Southern District of New York the Holt
 7      plaintiffs had to assert their claims against that estate in
 8      the bankruptcy court here or else they will would lose them.
 9      What Mr. Etkin just explain is that the debtor objected to the
10      Holt plaintiffs claims.
11              Now, what that means is the resolution of my clients
12      claims against the debtor will end up in federal court in New
                                Page 8
```

```
                          751AASALM.txt
13    York because the bankruptcy court doesn't have jurisdiction to
14    liquidate for purposes of distribution of personal injury
15    claim.  So as he mentioned at some point there will be a
16    withdrawal of the reference in that case because of the jury
17    right and because of the personal injury nature of the claim
18    will end up in federal district court.
19              Now, the reason that we want the entire case to be
20    transferred here is that otherwise my client --
21              THE COURT:  The case against city or county --
22              MR. COLANGELO:  All four.
23              THE COURT:  I want to you leave that aside.  I am
24    still focused on your claim against Saltire.
25              MR. COLANGELO:  Yes.
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
                                                                       18
      751AASALM                      Motion
 1              THE COURT:  The way the case came to me originally was
 2    not a motion to withdraw the reference.
 3              MR. COLANGELO:  That's correct.
 4              THE COURT:  What came to me was a motion to transfer
 5    the case from the state court of Tennessee to me and I granted
 6    that motion for honorable transfer to the bankruptcy court.
 7    Everyone has pointed out it's inappropriate for me to transfer
 8    to the bankruptcy court.  And in response to the various papers
 9    that were sent, I sent it back to the state court in Tennessee
10    from whence it came to me.  I have had no motion to withdraw
11    the reference not to this day.
12              MR. COLANGELO:  That is correct, your Honor.
13              THE COURT:  What I am saying and what I believe
14    Mr. Etkin is saying is that my client's claims against the
15    debtor will as you a pointed out need to be reduced to judgment
16    at some point in order for the administration of that estate to
17    be resolved.  Why can't they be resolved by the jury trial in
18    state court in Tennessee?
19              MR. COLANGELO:  Because as Mr. Etkin's points out his
20    client is not in a position to consent to lifting of the stay
21    to allow the case to proceed in Tennessee because bankruptcy
22    law give him the options -- I should let him speak for himself
23    but your Honor my understanding --
24              THE COURT:  I thought the stay was lifted.
25              MR. COLANGELO:  No.
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
                                                                       19
      751AASALM                      Motion
 1              MR. ETKIN:  If I may, your Honor.  It's not really a
 2    stay issue because we have a confirmed plan of liquidation.
 3              THE COURT:  That lifts the stay.
 4              MR. ETKIN:  It does lift the stay but it enjoins any
 5    claim and from proceeding outside of the claim resolution
 6    procedure that is anticipated by the bankruptcy code and that's
 7    anticipated under our confirmed plan of liquidation.
 8              THE COURT:  Did the papers have such an injunction?
 9              MR. ETKIN:  The papers -- essentially, it's a creature
10    of statute, your Honor, and a creature of the bankruptcy code.
11              THE COURT:  What is the section?
12              MR. ETKIN:  I can't quote it to you as I stand here
13    now.
14              THE COURT:  Why do you keep on doing this to me?  Why
15    now on the third round am I being given an imperfect record?  I
16    am not a bankruptcy maven like you, Mr. Etkin.  I know
17    bankruptcy from what I've absorbed over the years as a trial
                                 Page 9
```

```
                            751AASALM.txt
   18    lawyer at Struck & Struck and from time to time I appeared in
   19    the bankruptcy court and in federal in different places with
   20    regard to bankruptcy issues but I am not a student of
   21    bankruptcy and you are giving me this in little pieces and I
   22    don't have it a comprehensive knowledge of the whole case and
   23    this is the third try.  You are not being fair to me.  I am
   24    looking at but I mean this is true of everybody.  Everybody was
   25    asleep when you brought the motion the first time.  I didn't
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                 (212) 805-0300
                                                                       20
         751AASALM                    Motion
    1    get papers the last time.  Did I get papers on a motion for
    2    reconsideration?  That's not the way to practice.
    3             MR. ETKIN:  Your Honor, to the extent --
    4             THE COURT:  I look at you but this is to everybody.
    5             MR. ETKIN:  You can look at me, your Honor.  To the
    6    extent my office has been responsible for the confusion, we
    7    apologize and it's certainly not our intent.
    8             THE COURT:  Mr. Etkins, I know your firm for 50 years.
    9    It's a great New Jersey firm.  You've done work with Struck &
   10    Struck and I've always enjoyed the relationship.  So I am not
   11    here to start criticizing you.  You have a reputation that is
   12    it very impressive.
   13             MR. ETKIN:  Thank you, your Honor.
   14             Nevertheless, it certainly bothers me a great deal
   15    that we have not stepped up to the plate and provided the Court
   16    with all of the information and background that the Court needs
   17    in order to assess these issues.
   18             MR. ETKIN:  It is unusual in the way as provided from
   19    a procedural standpoint and there are some unusual substantive
   20    issues as well, your Honor.
   21             THE COURT:  I need to tell you this to be candid.  I
   22    am not eager to take this case and I am looking at the case as
   23    Holt versus Saltire Liquidated Trust for a number of reasons.
   24    Substantively the case arose in Tennessee involving local
   25    companies in Tennessee and involving the law in Tennessee and
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                 (212) 805-0300
                                                                       21
         751AASALM                    Motion
    1    there's a very important -- that I think refer to in my
    2    previous decision is that people should be judged by the local
    3    juries in the communities that gave rise to the alleged wrongs.
    4    So I'm partial to that.
    5             Secondly, as the judge responsible for all the 9/11
    6    cases and with a trial calendar that is going to be very hot
    7    with those cases I'm not in a position to do anything with this
    8    case and to move it along the way you would like.  So I mean if
    9    it's me responsibility it'll be my responsibility.  But I have
   10    discretion about it.  Discretion is likely to be -- move to a
   11    different place.
   12             MR. ETKIN:  I understand those practical issues, your
   13    Honor, believe me.  However, in a bankruptcy setting one thing
   14    that is not unusual is for state law claims that arise under
   15    state law that were the subject of prepetition litigation to
   16    ultimately be resolved either in the bankruptcy court if it's
   17    not a personal jury case, or in the district court sitting in
   18    the same venue as the bankruptcy court if it is a personal
   19    injury case and there is a right to jury trial.
   20             Of the unusual aspects of this case that is not one of
   21    them.  So this would not be something that occurs once in a
   22    blue moon to have that set of facts and the resolution of those
                                   Page 10
```

751AASALM.txt

```
23   types of issues.
24              THE COURT:  Anyway the Holt people want to come here?
25              MR. ETKIN:  That is a significant issue, your Honor,
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```
                                                                      22
```
     751AASALM                  Motion
 1   here.  I believe that this is where the Holts want this case to
 2   be tried.  This is where Albert wants this case to be tried.
 3   This is where we certainly want this case to be tried if it
 4   gets to that point but we're going to try mightily to resolve
 5   the case before then.
 6              THE COURT:  Do I have discretion to move the case to
 7   the federal or state court in Tennessee?
 8              MR. ETKIN:  Your Honor, it's set forth in the Holt's
 9   papers -- and again this was not our motion for
10   reconsideration, but we did file motions papers in support of
11   the motion -- but in Holt's motion and I also was party to the
12   Twinlab cause, so I'm very familiar with that case before Judge
13   Rakoff.  There may be some discretion but I believe that it's a
14   limited amount of discretion to exercise that discretion
15   towards permissive abstention, if indeed you have a case that
16   satisfies the dictates of 157(B)(5) which is couched as
17   mandatory despite the fact that the cases since have proceeded
18   that that very limited window of discretion for permissive
19   extension, but under the facts here --
20              THE COURT:  I take it.
21              Now, Mr. Colangelo.
22              MR. COLANGELO:  Yes, your Honor.
23              THE COURT:  What is the point of your case?
24              MR. COLANGELO:  The case, your Honor, arises in the
25   contamination of the Holt family well by toxic chemicals that
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```
                                                                      23
```
     751AASALM                  Motion
 1   plaintiffs allege from unsafely deposited in the landfill that
 2   was owned by the defendants.  So the point of the case.
 3              THE COURT:  The city and county owned the landfill?
 4              MR. COLANGELO:  That's correct.
 5              THE COURT:  They allowed Saltire to use the landfill?
 6              MR. COLANGELO:  That's what we alleged, your Honor.
 7              THE COURT:  And the property records reflect that?
 8              MR. COLANGELO:  That is correct, your Honor.
 9              THE COURT:  So you are bringing the lawsuit against
10   the city and the county as owners of the land which was
11   contaminated by another?
12              MR. COLANGELO:  Your Honor, there are in the
13   complaint, as it is presently drafted there are four claims
14   against the city and county.  They are failure to warn, failure
15   have a exercise due care, negligence, and violation of state
16   law regulating solid waste disposal act.
17              THE COURT:  The fourth is a statutory case.
18              MR. COLANGELO:  That's correct.
19              THE COURT:  The first three are general tort courses.
20              MR. COLANGELO:  That's correct.
21              THE COURT:  So you have a negligence claim basically
22   and a property owner's claim.  In all those three situations
23   the active tort feasor is Saltire.  And the secondary
24   tortfeasor is the city and county.  So the city and county have
25   a very good to, seems to me, claims of indemnity against the
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
                              Page 11
```

751AASALM.txt

751AASALM                Motion

24

1  active party.  If the city and county were held jointly liable,
2  they would have an obligation to pay the plaintiff with a claim
3  over the active tort feasor.
4            I guess the problem they have is that if Saltire can't
5  pay the judgment the city and county remain able to pay the
6  judgment, that's why you want to sue them basically; is that
7  right?
8            MR. COLANGELO:  The plaintiff's believe that all the
9  defendants are responsible.  That's why we are suing all of the
10 defendants.
11           THE COURT:  So you walk into a situation and you do
12 that by a very powerful claim by the locality that if they are
13 going to be sued they're entitled to the protection of the
14 state law and a lawsuit in the state courts of Tennessee and
15 that's why I abstained it in their favor.  That's a very tough
16 hurdle to overcome.  If you are really interested to stay here
17 you might want to give up your claims against the city and
18 county.
19           MR. COLANGELO:  Well, your Honor, I have a couple of
20 responses.  Initially, I would say that I believe our clients
21 are interested in pursuing their claims against all defendants.
22           THE COURT:  I would suppose so, but then you come up
23 against a judge who is concerned about taking a case against a
24 Tennessee locality.
25           MR. COLANGELO:  Your Honor, we recognize both the
                 SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

25

751AASALM                Motion
1  practical concerns that you just mentioned in your discussion
2  with Mr. Etkin as well as your concern regarding the state
3  sovereign immunity matter.  And our response to that is
4  although we believe jurisdiction is proper and most efficient
5  in the Southern District of New York, we have argued that the
6  statute allows for the case to be tried in full in the Middle
7  District of Tennessee and that we argue that that is the ideal
8  alternative, not the alternative of exercising permissive
9  abstention or declining --
10           THE COURT:  I am going to restate what you told me,
11 Mr. Colangelo.  If you can't have me take the case you are
12 content to have it go to a federal judge in Tennessee.
13           MR. COLANGELO:  That's correct, your Honor.
14           THE COURT:  Are you worried, frankly, against jury
15 bias, racial prejudice:  By the jury in Tennessee.
16           MR. COLANGELO:  That's certainly a concern generally
17 speaking, your Honor.
18           THE COURT:  There is a part of your case, is there
19 not, that claims that your clients were discriminated against
20 that white people were moved out of the area and black people
21 were not.
22           MR. COLANGELO:  There is a separate lawsuit pending in
23 the circuit court in Dickson County.
24           THE COURT:  That's why you are in the case.
25           MR. COLANGELO:  That's correct, your Honor.
                 SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

26

751AASALM                Motion
1            THE COURT:  Let's make it clear.
2            MR. COLANGELO:  And let me --
3            THE COURT:  And that case is severed and where it is
                              Page 12

```
                      751AASALM.txt
 4     it?
 5              MR. COLANGELO:  No action in several years.
 6              THE COURT:  Where is it?
 7              MR. COLANGELO:  The Circuit Court for Dickson County
 8     of Tennessee.
 9              THE COURT:  Why shouldn't one court receive
10     everything?
11              MR. COLANGELO:  Your Honor, let me --
12              THE COURT:  I know there is an issue if something a
13     jury or nonjury but that's not a problem for a jury.
14              MR. COLANGELO:  Your Honor, if we had to represent
15     these plaintiffs when the two cases were settled we would have
16     taken different action.  My office became involved in the case
17     in January of this year which was several year after the Title
18     VI intentional racial discrimination claims were severed from
19     the tort personal injury and property damage claims.  So I
20     don't disagree with you that in the abstract it makes a lot of
21     sense.  It was a development that occurred before we became
22     involved in the lawsuits.
23              THE COURT:  Is there any way to put them all together?
24              MR. COLANGELO:  That's certainly something we're
25     exploring, your Honor.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
                                                                    27
       751AASALM                    Motion
 1              The one point that I would emphasize --
 2              THE COURT:  Mr. Etkin, if it goes to the Middle
 3     District of Tennessee what is the problem?
 4              MR. ETKIN:  The problem from the trust standpoint,
 5     your Honor, is one of cost and we're still going to be
 6     litigating the claim.
 7              THE COURT:  What is the big city in the Middle
 8     District?
 9              MR. ETKIN:  I didn't understand --
10              THE COURT:  What is the big city?
11              MR. COLANGELO:  Nashville, your Honor.
12              THE COURT:  Lovely place.
13              MR. ETKIN:  It is lovely.
14              THE COURT:  Especially in the spring time.
15              MR. ETKIN:  The assets of this trust are a bank
16     account and the more we have to spend to resolve litigation
17     that still remains to be resolved.  Bear in mind, your Honor,
18     that we haven't distributed any money to unsecured creditors in
19     the case.
20              THE COURT:  If it were my court the depositions for
21     each case would all take place where the witnesses reside.  So
22     it doesn't make a difference whether you are traveling from
23     here to Tennessee to take discovery.  That is same issue.  The
24     only difference is the court appearance and the trial.  So
25     we're not talking about the major cost here.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
                                                                    28
       751AASALM                    Motion
 1              MR. ETKIN:  Well, the other difference here with the
 2     intervening bankruptcy proceeding, your Honor, is as we
 3     discussed earlier, we're still going to be litigating the claim
 4     objection here in the Southern District of New York, absent
 5     some further action or attempts by the Holts to move that.
 6              THE COURT:  The claim objections for what?
 7              MR. ETKIN:  The estates' objection to the proof of
 8     claim filed by the Holts in the bankruptcy proceeding.
                                 Page 13
```

```
                           751AASALM.txt
 9              THE COURT:  How do you litigate the objection if there
10   is an underlying jury trial?
11              MR. ETKIN:  Because the jury trial will take place in
12   this court, your Honor.
13              THE COURT:  Or in the Middle District Tennessee?
14              MR. ETKIN:  Or if the Holts choose and if the judge
15   assigned on the motion to withdraw the reference decides it
16   might be the Middle District of Tennessee.
17              THE COURT:  I'll be the judge.
18              MR. ETKIN:  But I don't know that the judge or you
19   absent some affirmative action on the part of the Holts would
20   move the case once the references was withdrawn if there is no
21   motion to change venue.
22              THE COURT:  Seems to me I have to hold this case until
23   a motion is made to withdraw that.  That seems to me that is
24   what the plaintiffs have to do.
25              MR. COLANGELO:  Your Honor, if I may, my sense is that
                         SOUTHERN DISTRICT REPORTERS, P.C.
                                   (212) 805-0300
                                                                        29
     751AASALM                      Motion
 1   a grant of the motion to transfer would effectively accomplish
 2   the same outcome although we can certainly move to withdraw the
 3   reference.
 4              Let me clarify that what we're certain concerned about
 5   and what we think the law protects against is having to proceed
 6   in multiple venues on identical underlying facts all stemming
 7   from the same poisoned well circumstances.  We as the Holt
 8   plaintiffs do not have the ability because of bankruptcy law to
 9   do anything with our claim against the debtor's assets other
10   than litigate that claim in the district court for the Southern
11   District of New York or the federal district court in the
12   Middle District of Tennessee and that's mandatory by 157(B)(5).
13              THE COURT:  You are saying then I have no discretion
14   to transfer this case with the remanded case to the state
15   courts in Tennessee unless I sever the case against the city
16   and county, which I don't think I want to do.
17              MR. COLANGELO:  That is correct.  There is a point of
18   permissive abstention.
19              THE COURT:  You are arguing very persuasive in the
20   bankruptcy it would be inappropriate for me to do that.  That's
21   Mr. Etkin's argument.  He is persuasive in that.
22              I haven't heard the city and county and it seems to me
23   that we're forthcoming.  First of all, there is an arm twist on
24   my part to try to persuade Mr. Colangelo to drop the case
25   against the city and county, but if he doesn't accept that arm
                         SOUTHERN DISTRICT REPORTERS, P.C.
                                   (212) 805-0300
                                                                        30
     751AASALM                      Motion
 1   twist, the next best point that which will be a resting point
 2   will be a withdrawal of the reference and a transfer to the
 3   Middle District of Tennessee.  So what will be the position of
 4   the city and the county with regard to that?
 5              MS. RICKS:  The position of the city, I am
 6   representing the city but I'll speak for both at this point.
 7   The position first is that this Court doesn't have subject
 8   matter jurisdiction over the claims against the city and
 9   county.  There is no "related to" jurisdiction under Section
10   157.  The claim that or the action that the --
11              MR. ETKIN:  It is not right, your Honor.
12              MS. RICKS:  Your Honor, the action that the Holts have
13   filed against the city and the county has no effect,
                                    Page 14
```

```
                         751AASALM.txt
14    whatsoever, on the bankruptcy estate.  In Mr. Etkins papers he
15    has said that they're inexplicably linked, but he has not
16    articulated that.  He has a burden to show how that claim
17    affects the bankruptcy court.
18              THE COURT:  Your argument would be that a claim
19    against the city and county for its own negligence permitting a
20    polluter to use a landfill would be a severable claim.  It may
21    be, but the facts would make it very foolish for a judge if he
22    has any discretion to sever them because the facts of pollution
23    are going to be the same.  What we have is different is whether
24    the city and county were independently negligent.  And there
25    would be issues that would relate to that but they would be
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
                                                                      31
      751AASALM                      Motion
 1    very close to the issues of pollution generally.  It would not
 2    be a smart idea for a judge to treat this separately.
 3              MS. RICKS:  The Court still has to have jurisdiction
 4    over the claim against the city and the county before it could
 5    can be litigated in this court.  If the Holt's's claim against
 6    the city and county has no effect under the bankruptcy
 7    proceeding this Court doesn't have jurisdiction under Section
 8    1334.
 9              THE COURT:  What is the jurisdiction, Mr. Etkin?
10              MR. ETKIN:  Your Honor, let me read to you what was
11    Exhibit A or at least a sentence from what was Exhibit A to our
12    papers filed in connection with the Holt's motion for
13    reconsideration and that was the document that the County of
14    Dickson filed in the bankruptcy proceeding in response to the
15    first claim objection.
16              And in paragraph four of that pleading signed by
17    counsel for the County of Dickson.  It says second sentence,
18    the county filed the claim in the Chapter 11 case because if it
19    is ultimately found libel in the litigations referring to --
20              THE COURT:  So what you are telling me is the filing
21    of the claims --
22              MR. ETKIN:  The filing of the claim that essentially
23    the derivative, the so-called derivative claim in the
24    bankruptcy proceeding.
25              THE COURT:  But Ms. Ricks is saying that so much of
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
                                                                      32
      751AASALM                      Motion
 1    the claim as is independent is a claim against the city and
 2    county as defendants and that's there but what you were arguing
 3    and what I would agree with is that they're connected.
 4              MR. ETKIN:  There is no denying this, your Honor.
 5              THE COURT:  It would be a very foolish act of judicial
 6    decision making to separate those two claims and I will hold
 7    that.  You are here.  Now the question is, are you going to
 8    stay with me or are you going to go to the Middle District?
 9              MS. RICKS:  We certainly would prefer to be in the
10    Middle District of Tennessee and there are very practical
11    reasons that these cases need to be tried in Tennessee.
12              THE COURT:  I agree with you.  They're evident.
13    Everything was there.
14              MS. RICKS:  We have witnesses, employees who were no
15    longer employees.  This Court doesn't have subpoena power.
16              THE COURT:  Yes, we do.
17              MS. RICKS:  We voluminous documents maintained about
18    the state of Tennessee.
                                 Page 15
```

```
                              751AASALM.txt
19            THE COURT:  Documents are not a big deal but your
20   witnesses are a big deal and their all in Tennessee.
21            What else did you want to tell me, sir?
22            MR. POTTER:  I do represent Dickson County and just a
23   couple things I heard Mr. Etkin mention I had want to speak to.
24   Number one, the claims that were made by the Holts against the
25   city and the county, I know that Mr. Colangelo said that there
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                 (212) 805-0300
                                                                           33
     751AASALM                  Motion
1    were some general tort common law claims and also a statutory
2    claim were violation of the Tennessee solid waste management
3    act essentially know all of those claims are statutory claims
4    because the tort claims are governed by the --
5             THE COURT:  I'm going to anticipate what you are
6    saying because the hour is drawing late.  What you are saying
7    is those are judge's decisions that's what you are coming to
8    but the same judge that sits with the jury will have to make
9    his own decisions and filings and conclusions and he can either
10   agree or disagree with the jury verdict.
11            The jury will have the tort claims brought against the
12   liquidating trust.  The claims against the county and
13   presumably the city as well will have a large component that
14   will be -- and judge can make the decisions.  That's not a
15   problem.
16            MR. POTTER:  The point of my argument though is that
17   those claims are essentially claims that are governed by
18   interpretation of Tennessee law and whether this court is more
19   than capable of doing that.
20            THE COURT:  No, I don't think I am.  But a judge in
21   Tennessee, in Nashville, grew up with Tennessee law, I am sure
22   that judge will know how to charge the jury accordingly as
23   well.
24            MR. POTTER:  The other thing I want to point out is
25   you know this case involves a very peculiar and special set of
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                 (212) 805-0300
                                                                           34
     751AASALM                  Motion
1    facts.  From a practical standpoint I think that these
2    defendants are entitled to either a jury or a judge who has
3    some knowledge about the circumstances that are going to be
4    discussed.  Where is the landfill located?  What does it look
5    like?  Where are the wells in --
6             THE COURT:  How far are you from Nashville?
7             MR. POTTER:  About 40 miles, 45 west heading to
8    Memphis.
9             Now, I heard Mr. Colangelo's case, if this Court won't
10   accept this case we would like this case to be argued in the
11   Middle District court or federal district court because we're
12   concerned about racial bias of the jury.  That, your Honor, is
13   an offensive argument because the people in Dickson County are
14   capable of sitting on a very impartial jury.  There is no taint
15   of racism.
16            THE COURT:  I believe I did say that drawing that the
17   allegations of the claim but I don't want to subscribe to
18   something I know nothing about.  To the extent that I left the
19   impression that I was making some kind of a judicial finding to
20   that regard, I am not, and I regret the impression.
21            MR. POTTER:  The point is that the people of Dickson
22   county are well aware about these circumstances and they're
23   more than capable of putting together a jury that's impartial
                                   Page 16
```

```
                             751AASALM.txt
24       and educated.
25                 THE COURT:  I agree with you, sir, but what I have
                         SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300
                                                                       35
         751AASALM                  Motion
1        been told is that there is an exclusive federal jurisdiction
2        here because of the bankruptcy set up and because there has to
3        be a withdrawal of the reference into that federal court,
4        either my court or the Middle District of Tennessee.
5                  MR. ETKIN:  Your Honor, if it were up to me and my
6        client --
7                  THE COURT:  That is not the question.  The question is
8        does a case have to stay in the federal --
9                  MR. ETKIN:  Those are the only options.  It would have
10       to stay in the federal system.
11                 THE COURT:  So based on that the logical case is for
12       the Middle District of Tennessee, but there has to be a motion
13       to withdraw the reference and that needs to be made.  Mr. Etkin
14       doesn't want to make it.  Not in your interest to make it.
15                 MR. ETKIN:  Not in my interest, your Honor.
16                 THE COURT:  So the Holt plaintiffs have to make it be.
17                 MR. ETKIN:  That would be their motion to make.
18                 MR. COLANGELO:  Your Honor, just a point of
19       clarification with the bankruptcy law, our understanding is
20       that under 157(B)(5) the statute provides that the district
21       court shall order that personal injury tort and wrongful death
22       claims be tried either in the district court in which the
23       bankruptcy proceeding is taking place or in the district in
24       which the case arose so --
25                 THE COURT:  It has to be a withdrawal with reference.
                         SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300
                                                                       36
         751AASALM                  Motion
1        I think that's what Mr. Etkin as the bankruptcy lawyer has
2        represented to the Court and it is also my understanding.
3                  MR. ETKIN:  It would have to been a withdrawal of the
4        reference with respect to the claimed objection proceeding that
5        is pending before Judge Livland in the Southern District
6        bankruptcy court.
7                  MR. COLANGELO:  We don't disagree with that.
8                  THE COURT:  So there has to be a withdrawal of the
9        reference.
10                 MR. COLANGELO:  We're happy to move for withdrawn of
11       the reference, your Honor.
12                 THE COURT:  Is there any objection to the oral motion
13       at this point in time or does anyone insist on it being in
14       writing?
15                 MR. ETKIN:  Your Honor, I would prefer that -- it's
16       not a complicated motion to make.  I would prefer for it to be
17       in writing so I would have the opportunity to just discuss with
18       the trustee.
19                 THE COURT:  All right.  When are you going to make the
20       motion, Mr. Colangelo?
21                 MR. COLANGELO:  Your Honor, we can file it this week.
22                 THE COURT:  All right.  File it by -- file it this
23       week and I don't want to make you come up and I don't want to
24       write necessary on this issue, so let me make these findings
25       and conclusions.
                         SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300
                                                                       37
                                   Page 17
```

```
                         751AASALM.txt
       751AASALM               Motion
 1              The motion for reconsideration.  In my original
 2     decision of January 8, 2007 and my first reconsideration of
 3     February 22, 2007 is granted.  It is very unusual to grant a
 4     motion for reconsideration.  The law is restrictive with regard
 5     to such motions.
 6              In addition, criticizing all counsel for not having
 7     presented the record in the case to me in full so I could have
 8     made the right ruling at the outset, and even know the record
 9     is incomplete because it has to wait for a motion to withdraw
10     the reference, but the issues now are sufficiently clear to
11     allow me to say the following by way of findings and
12     conclusions:
13              First, there is a strong bankruptcy or a strong
14     federal interest on the part of Saltire Liquidating Trust.  The
15     existence of these cases making up the largest part of the
16     potential claims against the estate must be resolved in order
17     for the state or the estate to be distributed to -- that's very
18     strong federal interest and in my judgment it makes abstention
19     inappropriate.
20              When I granted abstention in my order of February 22,
21     2007, I didn't appreciate the strength of the interest on the
22     part of liquidated trust.  It's important for the efficient
23     administration of the bankruptcy estate that there be a federal
24     adjudication because it has the most approximate sensitivity to
25     bankruptcy issues.  And because of that I cannot say that state
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
                                                                    38
       751AASALM               Motion
 1     law issues predominate over bankruptcy issues.
 2              Although there are difficulties and complexities with
 3     regard to state law and I'm going down the 12 criteria that I
 4     expressed in my earlier decision.  And, particularly, because
 5     of the law suits advanced by the city and the county, they do
 6     not overwhelm the bankruptcy issue, and I think the other
 7     factors are less important than the ones I mentioned.  So these
 8     are part of the core issues of bankruptcy.  There are claims
 9     against the estate that must be resolved and it would be
10     inappropriate to settle the claims in regard to the city and
11     county.  They are involved as well.
12              The finding of pollution necessarily has to be made
13     against the predecessor of Saltire, bears very strongly upon
14     any negligence claims or any statutory claims against the city
15     or operating length or improper.  And I am particularly
16     sensitive that there are many state and local issues with
17     regard to the operation.  In many respects there is nothing
18     more local than a landfill serving the citizens and the
19     business interests in the local community.  But again, the
20     presence and strength of the bankruptcy from remains to
21     dominate that interest as well.
22              We're down to factor number eight.  Factor nine is the
23     burden on the Court's docket.  I've already spoken to the
24     burden on my docket.  But there are more important reasons for
25     transferring that case mostly the references were drawn to the
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
                                                                    39
       751AASALM               Motion
 1     Middle District of Tennessee is because the proximity to the
 2     local interests.  This landfill was 45 minutes, I am told, from
 3     the business heart of Nashville and therefore there is
 4     proximity on the part of the judge and the jury in Nashville to
                                Page 18
```

```
                              751AASALM.txt
 5     what happened in the locality, much more so than a judge and
 6     jury in the Southern District of New York.
 7               I think those really are all the relevant factors.  So
 8     for these reasons it is appropriate to reconsider my order by
 9     which I abstained and remanded the case back to the state
10     courts of Tennessee.  The argument for retaining jurisdiction
11     in respect to the bankruptcy proceedings and the Bankruptcy
12     Court of the Southern District New York were strong, but there
13     now has to be a motion to withdraw the motion which will be
14     made this week and filed.
15               And I will expect a submission by you, Mr. Etkin, a
16     week from Friday which will be May 11, I believe, representing
17     to me what will be the position of the liquidated trust.  Not
18     hearing from you the case will be transferred to the Middle
19     District of Tennessee.
20               Is there anything I've missed, Mr. Etkins?
21               MR. ETKIN:  No, your Honor.
22               THE COURT:  Mr. Colangelo?
23               MR. COLANGELO:  No, your Honor.
24               THE COURT:  Ms. Ricks?
25               MS. RICKS:  No, your Honor.
                         SOUTHERN DISTRICT REPORTERS, P.C.
                                   (212) 805-0300
                                                                       40
       751AASALM                   Motion
 1               THE COURT:  Mr. Potter?
 2               MR. POTTER:  No, sir.
 3               THE COURT:  Thank you all for coming.
 4               MR. ETKIN:  Again, my apologies, your Honor, for
 5     causing some of the confusion that's prolonged and complicated
 6     these proceedings.
 7               THE COURT:  Thank you, sir.
 8                                  o 0 o
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
                         SOUTHERN DISTRICT REPORTERS, P.C.
                                   (212) 805-0300
```