# EXHIBIT C

Judge Hellerstein

**LOWENSTEIN SANDLER PC**
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402

-and-

65 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400

*Counsel to the Liquidating Trustee*



06 CV 4451

RECEIVED JUL 14 2006 U.S.D.C. S.D.N.Y. CASHIERS

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11<br>Bankruptcy Case No. 04-15389 (BRL) |
| SALTIRE INDUSTRIAL, INC. | District Court Misc. Docket No.: |
| Debtor. | Return Date:<br><br>ORAL ARGUMENT IS WAIVED UNLESS REQUESTED BY THE COURT |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SALTIRE INDUSTRIAL, INC., CREDITORS LIQUIDATING TRUST TO TRANSFER PENDING LITIGATION INVOLVING PERSONAL INJURY CLAIMS PURSUANT TO 28 U.S.C. § 157 (b)(5)**

                                                    **LOWENSTEIN SANDLER PC**
                                                    Attorneys for the Saltire Industrial, Inc.,
                                                    Creditors Liquidating Trust

On the Brief:
   Michael S. Etkin, Esq.

19290/2
06/09/2006 1892886.01

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY......................................................2

LEGAL ARGUMENT....................................................................................................................5

    POINT I      THE PERSONAL INJURY ACTIONS SHOULD BE TRANSFERRED TO THIS COURT PURSUANT TO 28 U.S.C. § 157(B)(5)..........................................................................5

    POINT II     THIS COURT SHOULD NOT ABSTAIN FROM EXERCISING JURISDICTION OVER THE PERSONAL INJURY ACTIONS ...................................................................8

        A.    Mandatory Abstention is Not Applicable .......................................................8

        B.    Permissive Abstention .....................................................................................8

CONCLUSION.............................................................................................................................10

## TABLE OF AUTHORITIES

**CASES**                                              **PAGES**

A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994 (4th Cir.), *cert. denied*, 479 U.S. 876 (1986) ............................................................................................................................7

Beck v. Victor Equip. Co., 277 B.R. 179 (S.D.N.Y. 2002) ..................................................7

Dow Corning, 86 F.3d at 496............................................................................................8

In re Hudgins, 102 B.R. 495 (E.D. Va. 1989) ....................................................................7

Littles v. Lieberman, 90 B.R. 700 (E.D.Pa. 1988) ..............................................................7

Pacor v. Higgins, 743 F.2d 984 (3d Cir. 1984), ..............................................................7, 8

In re Pan American Corp., 950 F.2d 839 (2d Cir. 1991) ..................................................4, 7

Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995) ...............................................7

In re Twin Laboratories, Inc., 300 B.R. 836 (S.D.N.Y. 2003) ....................................4, 5, 8

In re White Motor Credit Corp., 761 F.2d 270 (6th Cir. 1985) ...........................................7

**STATUTES**

28 U.S.C. § 1334(c) ..............................................................................................4, 5, 7, 8

28 U.S.C. § 157 (b)(5) ....................................................................................1, 4, 5, 6, 7, 8, 9

11 U.S.C. §§ 101, et seq....................................................................................................2

## PRELIMINARY STATEMENT

Saltire Industrial, Inc., Creditors Liquidating Trust (the "Trust"), successor to the estate of the above-captioned debtor, by and through its undersigned counsel, hereby submits this memorandum of law in support of its motion, pursuant to 28 U.S.C. § 157(b)(5) (the "Motion"), to transfer the following cases (the "Personal Injury Actions") from the Circuit Court of Dickson County, Tennessee ("Tennessee State Court") and the United States District Court for the Middle District of Tennessee, Nashville Division, to the United States District Court for the Southern District of New York ("Southern District Court"), the district in which the bankruptcy case of Saltire Industrial, Inc., the above-captioned debtor (the "Debtor"), is pending:

- *Adkins, et al., vs. Schrader-Bridgeport International, Inc., et al.*, Circuit Court of Dickson County, Tennessee, CV2022

- *Harry Holt, et al., v. Scovill, Inc. n/k/a Saltire Industrial, Inc.*, Circuit Court of Dickson County, Tennessee, CV1882

- *Lavenia Holt, et al., v. Scovill, Inc. n/k/a Saltire Industrial, Inc.*, United States District Court for the Middle District of Tennessee, Nashville Division, Civil Action No. 3-04-0864

The Trust respectfully submits that the transfer of the Personal Injury Actions before the Southern District of New York, where the Chapter 11 case of the Debtor is also pending, is appropriate, equitable and precisely the result contemplated by 28 U.S.C. § 157(b)(5). Thus, the Trust respectfully requests that this Court grant the Motion.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On August 17, 2004 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). The Honorable Burton R. Lifland was appointed as the presiding judge. No trustee or examiner has been appointed in the Debtor's bankruptcy case. On September 3, 2004, the United States Trustee appointed the Official Committee of Unsecured Creditors pursuant to Bankruptcy Code section 1102. On March 8, 2006, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order confirming the Debtor's Modified First Amended Plan of Liquidation (the "Plan"). Pursuant to Article XII of the Plan, the automatic stay imposed by the Bankruptcy Code was terminated on the effective date of the Plan, which was April 25, 2006. On April 25, 2006, the Saltire Industrial, Inc., Creditors Liquidating Trust Agreement became effective, and Wayne R. Smith was appointed as the Liquidating Trustee.

The Debtor, previously known as Scovill, Inc., is a Delaware corporation. Alper Holdings USA, Inc. ("Alper") holds 100% of the Debtor's stock. Scovill, Inc. ("Scovill") was founded in 1802, as a manufacturer of household goods. Between 1962 and 1985, Scovill maintained operations in Dickson, Tennessee, as well as various other locations, and became the nation's largest manufacturer of automotive tire valves. The Debtor was also a manufacturer of diverse consumer and industrial products sold under a variety of brand names, including Scovill, Hamilton-Beach, Proctor-Silex, Nutone and Schrader.

In 1985, First City Industries Inc. ("First City") acquired Scovill and began a divestiture program which significantly reduced Scovill's operations. By 1987, Scovill ceased all active operations. Since 1987, and until the Petition Date, the Debtor's activities have been focused upon the administration, management, resolution and payment of various liabilities remaining from its former operations and related to (i) alleged environmental contamination, (ii) post-retirement employee benefits, and (iii) other business-risk liabilities, such as personal injury/product liability/contract claims.

During its bankruptcy proceedings, the Debtor settled or otherwise resolved of the majority of its Legacy Liabilities. In fact, as of the Effective Date, the only significant alleged contingent and unliquidated liability left for resolution was litigation with certain property damage and personal injury plaintiffs. See Certification of Michael S. Etkin, Esq., in Support of Motion ("Etkin Cert.") at ¶ 5. As of the Effective Date, the unsecured claims against the Debtor's estate aggregated approximately $25.0 million, inclusive of the alleged personal injury and other claims stemming from the Debtor's prior operations in Dickson, Tennessee. Id. at ¶ 6. As of the Effective Date, the Debtor had less than $5.0 million in available cash for all purposes. Id. at ¶ 7.

### The Personal Injury Actions

On December 7, 2004, several plaintiffs filed a civil action alleging personal injury claims against Schrader-Bridgeport International, Alper, and other defendants in the State Court (the "Adkins Action", Case No. CV 2022). The Debtor figures prominently in the Adkins Action although the Debtor could not be named therein because this action was filed after the Petition Date. However, the plaintiffs on the Adkins Action have filed a proof of claim against the Debtor and several defendants in the Adkins Action. In addition, several of the defendants in the Adkins Action have asserted proofs of claim for indemnification against the Debtor. On December 3, 2003, several plaintiffs filed a civil action alleging personal injury claims against the Debtor, Alper and other defendants in the State Court (the "Harry Holt Action", Case No. CV 1882). On September 2, 2004, several plaintiffs filed a civil action alleging personal injury claims against the Debtor, Alper and other defendants in the Tennessee State Court (the "Lavenia Holt Action", Case No. CV 1977). On September 24, 2004, the United States Environmental Protection Agency, a named defendant in the Lavenia Holt Action, filed a Notice of Removal of that action from the Circuit Court of the Twenty Third Judicial District, Dickson

County, Tennessee, to the United States District Court for the Middle District of Tennessee, Nashville Division (Civil Action No. 3-04-0864).

On March 15, 2006, the plaintiffs in the Adkins Action, together with plaintiffs in two other cases pending in the Tennessee State Court that have also asserted proofs of claim against the Debtor (the "Plaintiffs"), filed a joint motion in the United States Bankruptcy Court for the Southern District of New York requesting a hearing for the purpose of estimating their claims at an aggregate amount of $35.0 million, and seeking to compel the Debtor to set aside this amount in the disputed claims reserve that is to be established pursuant to the Debtor's Confirmed Plan (the "Estimation Motion"). A hearing on the Estimation Motion took place on June 1, 2006 before the Bankruptcy Court and the Estimation Motion was denied.

## LEGAL ARGUMENT

### POINT I

### THE PERSONAL INJURY ACTIONS SHOULD BE TRANSFERRED TO THIS COURT PURSUANT TO 28 U.S.C. § 157(B)(5)

Transfer of the Personal Injury Actions to this Court, pursuant to 28 U.S.C. § 157(b)(5), is mandated and will result in the most efficient resolution of the personal injury claims against the Debtor. Transfer will also ensure that the burden on the Debtor's estate is minimized and that all creditors are treated fairly and equitably. Accordingly, this Court should grant the Trust's Motion to transfer the Personal Injury Actions.

Pursuant to 28 U.S.C. § 157(b)(5), "the district court *shall* order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5)(emphasis added). Section 157(b)(5) is intended to centralize administration of the estate, to eliminate the "multiplicity of forums for the adjudication of parts of a bankruptcy case," and "to eliminate the confusion, delay and inefficiencies associated with the Bankruptcy Act's limited jurisdictional scheme." *In re Pan American Corp.*, 950 F.2d 839, 845 (2d Cir. 1991)(quoting *A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 1011 (4th Cir.) *cert. denied*, 479 U.S. 876 (1986)).

Although the language of 28 U.S.C. § 157(b)(5) is mandatory, the Second Circuit has held that a Section 157(b)(5) transfer motion requires an abstention analysis pursuant to 28 U.S.C. § 1334(c). *See*, e.g., *In re Twin Laboratories, Inc.*, 300 B.R. 836, 840 (S.D.N.Y. 2003) (quoting *Pan Am,* 950 F.2d at 844). In *Twin Labs*, the Court transferred several personal injury actions pending in state courts to the Southern District of New York where the debtor's bankruptcy case was pending. The Court recognized that transfer should be the rule, not the exception. *See id.* The Court went on to caution that a list of twelve (12) factors often used by courts to determine if abstention is appropriate should be used cautiously, "taking account of the

-5-

strong legislative presumption favoring transfer under § 157(b)(5): for in this context, perhaps even more than elsewhere, federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *See id.* at 841.

The twelve factors are:

(1)    the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention,

(2)    the extent to which state law issues predominate over bankruptcy issues,

(3)    the difficulty or unsettled nature of applicable state law,

(4)    the presence of a related proceeding commenced in state court or other nonbankruptcy court,

(5)    the jurisdictional basis, if any, other than 28 U.S.C. § 1334,

(6)    the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,

(7)    the substance rather than form of an asserted "core" proceeding,

(8)    the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,

(9)    the burden [on] the court's docket,

(10)   the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties,

(11)   the existence of a right to a jury trial, and

(12)   the presence in the proceeding of non-debtor parties.

*In re Twin Laboratories, Inc.*, 300 B.R. at 841-42 (quoting *In re WorldCom, Inc. Securities Litigation*, 293 B.R. 308, 332 (S.D.N.Y. 2003)).

The *Twin Labs* Court recognized that the factors most relevant to a Section 157(b)(5) transfer motion are the first, second, third, fourth, fifth, eighth, eleventh, and twelfth factors. *See id.* Of those factors, this Court found that only the second and third factors, the difficulty of and the extent to which state law issues predominate over bankruptcy issues, potentially weighed against transfer. However, after a thorough analysis, this Court ruled that state law personal injury issues were not "difficult, unsettled, or unfamiliar to a federal court" that deals routinely with state-law personal injury cases. *Id.* The Court also noted that the state law issues cannot be given "decisive effect in analyzing transfer under § 157(b)(5), for the very subject matter of that section - personal injury claims - is almost always governed by state law, and yet Congress, in enacting § 157(b)(5), singled out such claims as the very ones it wanted transferred." *Id.*

It is clear that the same analysis applies in this case, and transfer of the Personal Injury Actions to this Court is appropriate. Transfer of the Personal Injury Actions will facilitate the administration of the Debtor's bankruptcy case. The forum is convenient for witnesses, books and records of the Debtor are more easily accessible, litigation in this forum would be less costly for the Debtor's estate, adjudication will be more efficient, and a determination in this Court will avoid the risk of conflicting results.

Further, all three Personal Injury Actions would be transferred to this Court together. Moreover, resolution of the Personal Injury Actions is inextricably linked to the successful consummation of the Debtor's Plan and not easily severed from the bankruptcy case. As described above, the Debtor cannot fully distribute its remaining cash to creditors without some resolution of the Personal Injury Actions, either through estimation and/or objection to allowance in the Bankruptcy Court or trial in this Court. Thus, the consummation of the Debtor's Plan is dependent on a timely resolution of the Personal Injury Actions.

Accordingly, the Personal Injury Actions should be transferred to this Court, pursuant to 28 U.S.C. § 157(b)(5).

**POINT II**

**THIS COURT SHOULD NOT ABSTAIN FROM EXERCISING JURISDICTION OVER THE PERSONAL INJURY ACTIONS**

A.  **Mandatory Abstention is Not Applicable**

The mandatory abstention provisions of the 28 U.S.C. § 1334(c)(2) are inapplicable to personal injury cases transferred under 28 U.S.C § 157(b)(5). Indeed, 28 U.S.C. § 157(b)(4) specifically provides that "non-core proceedings under Section 157(b)(2)(D) ... shall not be subject to mandatory abstention provisions of Section 1334(c)(2)." *Id.; see also Littles v. Lieberman*, 90 B.R. 700, 709 (E.D.Pa. 1988). Those courts which have addressed the issue have uniformly held that mandatory abstention does not apply to claims transferred pursuant to 28 U.S.C. § 157(b)(5). *See, e.g., In re Pan-Am. Corp.*, 950 F.2d 839 at 845 (2d Cir. 1991); *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 at 1010 N.14 (4th Cir. 1986), *cert. denied*, 479 U.S. 876 (1986); *In re White Motor Credit Corp.*, 761 F.2d 270, 272 (6th Cir. 1985), *In re Hudgins*, 102 B.R. 495, 498 (E.D. Va. 1989); *Beck v. Victor Equip. Co.*, 277 B.R. 179, 180 (S.D.N.Y. 2002).

Based upon the foregoing clear statutory and case law authority, the Trust respectfully submits that the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2) are inapplicable in this case.

B.  **Permissive Abstention**

The United States District Court has original but not exclusive jurisdiction of all proceedings "related to" cases under Title 11. 28 U.S.C. § 1334(c). A civil proceeding is "related to" a bankruptcy case when "the outcome of that proceeding could conceivably have any affect on the estate being administered in bankruptcy." *Pacor v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), overruled on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995). In *Pacor*, the Third Circuit found that a proceeding is "related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action [either positively

or negatively], and which in any way impacts upon the handling and administration of the bankruptcy estate." *Pacor*, 7443 F.2d at 994.

Clearly, the Personal Injury Actions constitute proceedings "related to" the Debtor's Chapter 11 case. As such, this Court has original, but not exclusive jurisdiction over the Personal Injury Actions. 28 U.S.C. § 1334(c)(1) empowers the District Court to abstain from hearing a proceeding "related to" a Chapter 11 case, "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1).

In determining whether to abstain over a related proceeding, the courts must take into account "the strong legislative presumption favoring transfer under 28 U.S.C. § 157(b)(5); for in this context, perhaps even more than elsewhere, federal courts have a virtually unflagging obligation ... to exercise the jurisdiction given them." *Twin Labs*, 300 B.R. at 841 (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Courts have recognized that centralizing all personal injury claims against a Chapter 11 debtor will assist in both administering a debtor's plan and assuring a fair and non-preferential resolution of outstanding claims. *Dow Corning*, 86 F.3d at 496.

Based upon the foregoing, it is respectfully submitted that permissive abstention under 28 U.S.C. § 1334(c)(1) should not be exercised and that this Court should retain jurisdiction over the Personal Injury Actions.

## CONCLUSION

**WHEREFORE**, the Trust respectfully requests that this Court transfer the Personal Injury Actions to this Court, pursuant to 28 U.S.C. § 157(b)(5), for appropriate administration, and grant such other and further relief as may be just and proper.

Dated: June 9, 2006

*[signature]*

Michael S. Etkin, Esq. (ME 0570)
Timothy R. Wheeler, Esq. (TW 3466)
**LOWENSTEIN SANDLER PC**
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402

- and -

65 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400

*Counsel to the Liquidating Trustee*