**LOWENSTEIN SANDLER PC**
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
-and-
65 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400

*Counsel to the Creditors' Liquidating Trust*

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11<br>Bankruptcy Case No. 04-15389 (BRL) |
| SALTIRE INDUSTRIAL, INC.<br><br>Debtor. | District Court Case No. 07-cv-03622 (AKH) |

**RESPONSE OF SALTIRE INDUSTRIAL, INC., CREDITORS' LIQUIDATING TRUST IN OPPOSITION TO MOTION OF THE HARRY HOLT PLAINTIFFS FOR WITHDRAWAL OF THE REFERENCE PURSUANT TO 28 U.S.C. § 157(D) AND LOCAL BANKRUPTCY RULE 5011-1 AND CHANGE OF VENUE PURSUANT TO 28 U.S.C. §§ 1404 AND 1412**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT .......................................................................................................................... 3

    A.    The Bankruptcy Court and Not the District Court Should Decide Whether the Claims Objection is "Core" or "Non-Core" ....................................... 3

    B.    The Harry Holt Plaintiffs have Not Shown "Cause" for Permissive Withdrawal ........................................................................................................... 4

        1.    The Claims Objection is a Core Proceeding ............................................... 5

        2.    By Consenting to the Jurisdiction of the Bankruptcy Court, Defendants Have Waived Any Right to A Jury Trial With Respect to Property Damage Claims ............................................................ 7

        3.    Discretionary Withdrawal is Inappropriate Under Other Orion Factors ................................................................................................ 8

CONCLUSION ..................................................................................................................... 11

**TABLE OF AUTHORITIES**

**CASES**                                                                                                                                 **PAGES**

In re Adelphia Communications Corp., 307 B.R. 404 (Bankr. S.D.N.Y. 2004) ..............................5

In re Ben Cooper, Inc., 896 F.2d 1394 (2d Cir. 1990), *cert. denied*, 500 U.S. 928 (1991) .............6

In re CBI Holding, 311 B.R. 350 (S.D.N.Y. 2004) ......................................................................8

In re CIS Corp., 1992 U.S. Dist. LEXIS 10981 (S.D.N.Y. July 16, 1992) ....................................4

In re C-TC 9th Ave. P'ship, 177 B.R. 760 (N.D.N.Y.) ..................................................................4

In re Chateaugay Corp., 111 B.R. 67 (Bankr. S.D.N.Y. 1990)..................................................5, 6

In re Delaware & Hudson Ry. Co., 122 B.R. 887 (D. Del. 1991) ..................................................3

In re Enron Power Marketing, Inc., 2003 U.S. Dist. LEXIS 189, 2003 WL 68036
    (S.D.N.Y. Jan 8, 2003)..................................................................................................10

EXDS, Inc. v. RK Elec., Inc. (In re EXDS, Inc.), 301 B.R. 436 (Bankr. D. Del. 2003) .................8

GE Capital Corp. v. Teo, 2001 U.S. Dist. LEXIS 22266 (D.N.J. Dec. 14, 2001)...........................4

Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989) ..................................................................7

In re HA-LO Indus., Inc., 326 B.R. 116 (Bankr. N.D. Ill. 2005).....................................................7

In re Hooker Invest., Inc., 937 F.2d 833 (2d Cir. 1991) .................................................................7

U.S. Lines, Inc. v. U.S. Lines Reorganization Trust, 262 B.R. 223 (S.D.N.Y. 2001).....................6

In re Manville Forest Products Corp., 896 F.2d 1384 (2d. Cir. 1990)............................................5

Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.), 4 F.3d 1095
    (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994) ...........................................4, 5, 8, 9

In re Papantoniou, 316 B.R. 1113 (Bankr. E.D.N.Y. 2004) .........................................................10

Pioneer Investment Services, Co. v. Brusnwick Assocs. Ltd. Partnership, 507 U.S. 380...............6

In re Ranch 1 Inc., 2002 U.S. Dist. LEXIS 18264 (S.D.N.Y. Sept. 27, 2002) ...............................3

In re S.G. Phillips Constructors, Inc., 45 F.3d 702 (2d Cir. 1995) .................................................7

South St. Seaport Ltd. P ship. v. Burger Boys (In re Burger Boys), 94 F.3d 755 (2d Cir. 1996) ..................................................................................................................5

Standard Insulations, Inc., 138 B.R. 947 (Bankr. W.D. Mo. 1992)..................................................6

In re Times Circle East, Inc., 1995 WL 489551, at 1 ......................................................................4

Travelers Cas. & Sur. Co. v. Skinner Engine Co. (In re Am. Capital Equip., LLC, 325 B.R. 372 (W.D. Pa. 2005)..................................................................................................9

In re UAL Corporation, 310 B.R. 373 (Bankr. N.D. Ill 2004) ........................................................8

## STATUTES

28 U.S.C. §§ 1404................................................................................................................................1

28 U.S.C. §§ 1404 and 1412 ...............................................................................................................1

28 U.S.C. § 157(D) ...............................................................................................................1, 3, 4, 6

Rule 5011-1   ........................................................................................................................................1

## **PRELIMINARY STATEMENT**

The Saltire Industrial, Inc., Creditors Liquidating Trust (the "Liquidating Trust"), successor to the estate of Saltire Industrial, Inc., the above-captioned debtor ("the Debtor"), submits this response (the "Response") in opposition to the Motion of the Harry Holt Plaintiffs[1] For Withdrawal of the Reference Pursuant to 28 US.C. § 157(d) and Local Bankruptcy Rule 5011-1 And Change of Venue Pursuant to 28 U.S.C. §§ 1404 and 1412 (the "Withdrawal Motion").

By the Withdrawal Motion, the Harry Holt Plaintiffs urge this Court to withdraw the reference of the Liquidating Trust's pending objection to the proofs of claim filed by each of the Harry Holt Plaintiffs (the "Claims Objection") from the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and to transfer venue of the Claims Objection to the District Court for the Middle District of Tennessee. For the reasons set forth below, the Liquidating Trust respectfully requests that this Court deny at this time the Withdrawal Motion, and permit the Bankruptcy Court to proceed with the pending Claims Objection for the limited purposes set forth below with any necessary discovery to be coordinated between the parties. When and if necessary, any trial on the merits with respect to the Claims Objection can take place in the Middle District of Tennessee.

The Withdrawal Motion glosses over the fact that the proofs of claim asserted by each of the Harry Holt Plaintiffs includes both personal injury tort claims <u>and property damage claims</u> against the Debtor and/or property of the Debtor's estate (collectively, the "Proofs of Claim"). As the Harry Holt Plaintiffs must acknowledge, the Bankruptcy Court has core jurisdiction over the Claims Objection pursuant to 28 U.S.C. § 157(b)(2). It is well established that the allowance and disallowance of proofs of claim are core proceedings within the "core" jurisdiction of the Bankruptcy Court. As set forth below, this is true even where a proof of claim

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Withdrawal Motion.

-2-

asserts personal injury and/or wrongful death claims. Thus, withdrawal of the reference of the Claims Objection from the Bankruptcy Court is not appropriate or necessary at this time.

The Harry Holt Plaintiffs have already submitted themselves to the jurisdiction of the Bankruptcy Court by the filing of the Proofs of Claim. The Bankruptcy Court can and should adjudicate all issues regarding the property damage claims (where the Harry Holt Plaintiffs have no jury trial rights) and legal issues regarding the allowability of the personal injury Proofs of Claim. Judicial efficiency would not be hindered by a denial of the Withdrawal Motion at this time since discovery can be coordinated with all parties in the Middle District of Tennessee and trial of the personal injury claims, to the extent necessary, can ultimately take place in the Middle District of Tennessee.

## ARGUMENT

The Harry Holt Plaintiffs do not (and cannot) contend that withdrawal of the reference is mandatory, but rather base their motion on the permissive withdrawal provisions of 28 U.S.C. § 157(d), which provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred [to the Bankruptcy Court] under this section, on its own motion or on timely motion of any party, for cause shown.

28 U.S.C. § 157(d). Thus, the statute permits a district court to exercise its discretion only for cause shown. As discussed below, the Withdrawal Motion does not demonstrate cause for withdrawal of the reference at this time.

### A.    The Bankruptcy Court and Not the District Court Should Decide Whether the Claims Objection is "Core" or "Non-Core"

The Harry Holt Plaintiffs seek to have this Court make the determination whether the Claims Objection is "core" or "non-core", despite the numerous cases holding that this determination must be made by the Bankruptcy Court. Accordingly, this Court may deny the Withdrawal Motion based upon the Harry Holt Plaintiffs' failure to address this issue to the Bankruptcy Court in the first instance. As stated by one court in this district:

> Although we may withdraw a reference for a proceeding referred to the Bankruptcy Court, particularly where it is found to be non-core, § 157 specifically provides that "the bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection . . . ." 28 U.S.C. § 157(b)(3). Given such plain and unambiguous language, courts have determined that *before a withdrawal of reference motion is presented to the District Court, the bankruptcy judge must make the determination of whether proceedings are core or non-core*.

*In re Ranch 1 Inc.*, 2002 U.S. Dist. LEXIS 18264, at \*\* 5-6 (S.D.N.Y. Sept. 27, 2002) (emphasis added) (denying motion for withdrawal of reference because Bankruptcy Court had not determined whether proceeding in question was core or non-core), quoting *In re Delaware &*

-3-

*Hudson Ry. Co.*, 122 B.R. 887, 892 (D. Del. 1991). *See also GE Capital Corp. v. Teo*, 2001 U.S. Dist. LEXIS 22266, at *18 (D.N.J. Dec. 14, 2001) ("[A] determination [of whether a matter is core or non-core] should initially be made by the Bankruptcy Court"); *In re C-TC 9th Ave. P'ship*, 177 B.R. 760, 766 (N.D.N.Y.), *reconsideration denied*, 182 B.R. 1 (N.D.N.Y. 1995) (in ruling on motion to withdraw reference district court noted that it would "defer to the Bankruptcy judge to determine the issue of whether [the] adversary proceedings [in question] are core or non-core proceedings"); *In re CIS Corp.*, 1992 U.S. Dist. LEXIS 10981 (S.D.N.Y. July 16, 1992) (denying motion to withdraw reference as premature where Bankruptcy Court had not ruled on whether proceeding was core or non-core; "To permit the withdrawal at this stage on the ground that the proceeding is non-core would flout section 157(b)(3) by removing from the Bankruptcy Court the decision as to whether an action is core").

Because the Bankruptcy Court has not ruled on whether the Claims Objection is core or non-core, the Withdrawal Motion should be denied.

**B.     The Harry Holt Plaintiffs have Not Shown "Cause" for Permissive Withdrawal**

The Withdrawal Motion should be denied on the merits at this time. 28 U.S.C.§ 157(d) provides that a court may only grant a motion under that section "for cause shown." There is no statutory definition of what constitutes `cause' to withdraw the bankruptcy reference. *In re Times Circle East, Inc.*, 1995 WL 489551, at *1 (S.D.N.Y. Aug. 15, 1995). The Second Circuit, in *Orion Pictures Corp. v. Showtime Networks* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1100-01 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994), set forth the following analytical framework for determining whether there is cause to withdraw the reference to the Bankruptcy Court. First, it must be determined whether the proceeding is core or non-core. If a proceeding is core, the motion to withdraw the reference should be denied. If it is non-core, the district court must weigh a number of other factors including: (i) efficient use of judicial resources, (ii) delay and costs to the parties, (iii) prevention of forum shopping and (iv) uniformity in the

administration of bankruptcy law, in order to determine whether, in its discretion, the matter is better heard in the bankruptcy or district court. *Id.* at 1101.

The Withdrawal Motion asserts as "cause" for withdrawal of the reference that (1) the Claims Objection is a non-core proceeding, and (2) the demand for a jury trial. The Harry Holt Plaintiffs are incorrect on both counts.

### 1. The Claims Objection is a Core Proceeding

As the Harry Holt Plaintiffs fail to acknowledge in the Withdrawal Motion, whether a proceeding is core or non-core is the most "important factor" in analyzing a motion to withdraw the reference. *South St. Seaport Ltd. P'ship. v. Burger Boys (In re Burger Boys)*, 94 F.3d 755, 762 (2d Cir. 1996). The Second Circuit has stated that "it is upon this issue that questions of efficiency and uniformity will turn." *In re Orion Pictures Corp.*, 4 F.3d at 1101. However, the Harry Holt Plaintiffs' superficial argument – that the Claims Objection is non-core because the Proofs of Claim include personal injury tort claims – ignores the facts and applicable law. Under the Second Circuit's analysis of "core" proceedings, the Claims Objection is certainly a "core" matter. See *In re Adelphia Communications Corp.*, 307 B.R. 404, 418 (Bankr. S.D.N.Y. 2004)("because nothing is more directly at the core of bankruptcy administration…than the qualification of all liabilities of the debtor, the bankruptcy court's determination whether to allow or disallow a claim is a core function").

Clearly, the purpose of the Claims Objection is the allowance or disallowance of the Proofs of Claim. Contrary to the assertion in the Withdrawal Motion, the mere fact that the underlying basis of a proof of claim asserts, *inter alia*, personal injury tort claims, does not preclude a holding that the Claims Objection is a core proceeding. *In re Chateaugay Corp.*, 111 B.R. 67, 72-74 (Bankr. S.D.N.Y. 1990), aff'd in relevant part and rev'd on other grounds, 146 B.R. 339 (S.D.N.Y. 1992) ("the bankruptcy court must have jurisdiction to make the threshold determination of whether, as a matter of law, a claim exists which can be asserted against the debtor, even if the claim sounds in personal injury, tort or wrongful death."). See also *In re*

*Manville Forest Products Corp.*, 896 F.2d 1384, 1389 (2d. Cir. 1990), *citing In re Ben Cooper, Inc.*, 896 F.2d 1394 (2d Cir. 1990), *cert. denied*, 500 U.S. 928 (1991).

The Liquidating Trust does not dispute that pursuant to 28 US.C. § 157(b)(5), the personal injury claims asserted by the Harry Holt Plaintiffs in the Tennessee Action must now be tried by the District Court for the Middle District of Tennessee based upon prior rulings of this Court. Even with that restriction, a bankruptcy judge has the authority to make threshold legal determinations affecting the validity of such claims, such as whether the claims are barred by a claims deadline or a statute of limitations**.** As persuasively stated in *In re Chateaugay Corp.*, 111 B.R. 67, 72-74 (Bankr. S.D.N.Y. 1990), aff'd in relevant part and rev'd on other grounds, 146 B.R. 339 (S.D.N.Y. 1992):

> Although [section] 157(b)(2)(B) restricts a bankruptcy court's power to liquidate or estimate personal injury tort or wrongful death claims for purposes of distribution, *it imposes no corollary restriction upon a bankruptcy court's ability to disallow such claims in the first instance if they are not sustainable at law.* Allowing or disallowing claims is clearly a separate and distinct function from liquidating or estimating that claim. Had Congress meant to deny any jurisdiction whatsoever to the bankruptcy court to disallow claims based on the mantra of personal injury tort or wrongful death, it could have said so; but it did not.

111 B.R. at 73-74 (emphasis added)**.** See also *U.S. Lines, Inc. v. U.S. Lines Reorganization Trust*, 262 B.R. 223, 233 (S.D.N.Y. 2001) (disallowance of personal injury claim based on late filing of proof of claim is not prohibited "liquidation" of that claim)**;** *Standard Insulations, Inc.*, 138 B.R. 947 (Bankr. W.D. Mo. 1992) **(**bankruptcy court may determine allowability of personal injury claim, as opposed to estimating or liquidating the claim, for failure to follow procedural requirements such as timely filing a proof of claim)**, a**brogated on other grounds**,** *Pioneer Investment Services, Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, L. Ed. 2d 74, 113 S. Ct. 1489 (1993)**.**

Thus, regardless of the arguments made by the Harry Holt Plaintiffs, the allowance and disallowance of proofs of claim filed against the Debtor's estate is a core matter

which is properly heard by the Bankruptcy Court. Withdrawal of the reference as to the Claims Objection will not further the efficient administration of the Debtor's bankruptcy case. If anything, it will increase the expense to the estate. The Harry Holt Plaintiffs fail to demonstrate cause for the permissive withdrawal of the reference of the Claims Objection from the Bankruptcy Court at this time, since the Claims Objection is nowhere near ready for trial. Based upon the foregoing, it is respectfully submitted that this Court should not withdraw the reference as to the Claims Objection at this time.

> **2.  By Consenting to the Jurisdiction of the Bankruptcy Court, Defendants Have Waived Any Right to A Jury Trial With Respect to Property Damage Claims**

The Harry Holt Plaintiffs' second asserted basis for the Withdrawal Motion is their request for a jury trial. The Liquidating Trust does not dispute the Harry Holt Plaintiffs' right to a jury trial of the personal injury claims for purposes of distribution. However, it cannot be disputed that they are not entitled to a jury trial with respect to the property damage claims included in each of the Proofs of Claim. The Harry Holt Plaintiffs fail to recognize that, as a matter of law, each of them has waived any right to a jury trial they would otherwise have had as to the property damage claims. Accordingly, the Harry Holt Plaintiffs demand for a jury trial on the property damage claims is a nullity, and should be given no weight in analyzing the Withdrawal Motion.

The Supreme Court has recognized that where a party asserts a claim against the bankruptcy estate, it subjects itself to the equitable powers of the Bankruptcy Court. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58-59 n.14 (1989). *See also In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702, 707 (2d Cir. 1995) ("The Supreme Court and this court have consistently held that in filing a proof of claim the petitioner submits to the Bankruptcy Court's equitable jurisdiction.") (citations omitted); *In re Hooker Invest., Inc.*, 937 F.2d 833, 838 (2d Cir. 1991) (filing of a proof of claim is a means of invoking the Bankruptcy Court's equitable jurisdiction). By invoking this jurisdiction, the party thereby waives its rights to a jury trial.

*Granfinanciera*, 492 U.S. at 58-59, n.14; *In re HA-LO Indus., Inc.*, 326 B.R. 116, 124 (Bankr. N.D. Ill. 2005) ("When a creditor has submitted a claim against the bankruptcy estate, it is not entitled to a jury trial on that claim."); *EXDS, Inc. v. RK Elec., Inc.* (*In re EXDS, Inc.*), 301 B.R. 436, 440 (Bankr. D. Del. 2003) ("[creditor] lost its right to a jury trial because it elected to participate in the equity court proceeding"). *See In re CBI Holding*, 311 B.R. 350, 365 (S.D.N.Y. 2004) (filing of a claim against the bankruptcy estate subjects a creditor who files such a claim to the bankruptcy court's jurisdiction). Thus, the Harry Holt Plaintiffs, by having filed Proofs of Claim against the Debtor's estate, have waived any right to a jury trial as to the alleged property damage claims, and cannot rely on it as a basis for withdrawal of the reference.

### 3. Discretionary Withdrawal is Inappropriate Under Other *Orion* Factors

Because neither of the Harry Holt Plaintiffs' asserted grounds for withdrawal of the reference can be sustained, this Court can and should deny the Withdrawal Motion without need to consider any of the other factors listed in *Orion*. In any event, those factors also weigh in favor of denying the Withdrawal Motion at this time.

The Harry Holt Plaintiffs' arguments regarding judicial efficiency and economy are premised on the assumption that the District Court will be required to hold a jury trial as to their Proofs of Claim. As discussed above, this is <u>not</u> the case as the Harry Holt Plaintiffs are not entitled to a jury trial on the property damage claims.

Considerations of judicial economy and efficiency weigh decidedly in favor of keeping the Claims Objection before the Bankruptcy Court. Given the Bankruptcy Court's long history and familiarity with the parties and the factual and legal issues in this chapter 11 case, the Bankruptcy Court should adjudicate the Claims Objection and judicial efficiency would be hindered, not promoted, by withdrawal of the reference at this time. *See In re Orion,* 4 F.3d at 1101 (recognizing efficiencies in having bankruptcy courts hear cases involving facts with which the bankruptcy court is already familiar and legal issues within the Bankruptcy Court's expertise). While a bankruptcy court may not conduct a trial of a personal injury or wrongful

death claim, bankruptcy courts can conduct pretrial administration of such claims. *See In re UAL Corporation*, 310 B.R. 373, 381 (Bankr. N.D. Ill 2004) (personal injury tort claims allowed to remain before bankruptcy court until and unless a trial is required, noting bankruptcy court's ability to administer proceeding to the limits of its constitutional authority).

In addition, the other factors identified by the *Orion* court further support denial of the Withdrawal Motion. The Harry Holt Plaintiffs have not attempted to show that withdrawal of the reference of the Claims Objection will not result in delay or additional costs to the parties. *See, e.g. Travelers Cas. & Sur. Co. v. Skinner Engine Co.* (*In re Am. Capital Equip.*, LLC, 325 B.R. 372, 375 (W.D. Pa. 2005) (finding that the party seeking withdrawal of the reference has the burden to establish cause). Indeed, the Harry Holt Plaintiffs were more than content to litigate with the Liquidating Trust in New York.

Neither have they shown how withdrawal of the reference of the Claims Objection, a core proceeding, would promote uniformity in the adjudication of bankruptcy laws. Indeed, the Harry Holt Plaintiffs have not even attempted to identify any laws or issues that would even theoretically be subject to inconsistent interpretations absent withdrawal of the reference especially given the fact that a trial on the merits for purposes of distribution would ultimately take place in the Middle District of Tennessee.

The Liquidating Trust understands, based on the May 1, 2007 hearing on the Harry Holt Plaintiffs' motion for reconsideration in connection with the section 157(b)(5) motion to transfer, that this Court is predisposed to withdrawing the reference for all purposes and transferring the Claims Objection to the Middle District of Tennessee. However, the Liquidating Trust wishes to offer an alternative which is consistent with the law as set forth above. All discovery can be coordinated with the parties through the Middle District of Tennessee with depositions of local parties taking place in Tennessee if necessary. It is not the Liquidating Trust's intention to duplicate efforts or inconvenience the parties in that regard. However, the Trust should not be precluded from seeking a determination by the Bankruptcy Court that the Proofs of Claim are legally deficient and therefore not allowable in the first instance.

Absent disallowance of the Proofs of Claim by the Bankruptcy Court as a core matter, if a trial on the merits becomes necessary, the trial of the personal injury claims can take place before a jury in the Middle District of Tennessee. Indeed, it is not uncommon for a district court to deny withdrawal of the reference without prejudice as an initial matter and provide that once the matter is trial ready, the reference can be withdrawn at that point. As the District Court explained in *In re Enron Power Marketing, Inc.*, 2003 U.S. Dist. Lexis 189, 2003 WL 68036 at 10 (S.D.N.Y. Jan 8, 2003), "a rule that would require a district court to withdraw the reference simply because a party is entitled to a jury trial, regardless of how far along toward a trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme governing the relationship between the district courts and the bankruptcy courts." The *Enron* Court denied a motion to withdraw the reference of non-core breach of contract claims related to the bankruptcy proceeding, noting that withdrawal can take place later. *See also In re Papantoniou*, 316 B.R. 1113, 1 (Bankr. E.D.N.Y. 2004) (motion to withdraw reference denied without prejudice to renewal upon certification by bankruptcy court that proceeding was ready for trial).

## CONCLUSION

**WHEREFORE**, the Trust respectfully requests that this Court (i) deny the Withdrawal Motion, and (ii) grant such other and further relief as may be just and proper.

Dated: May 11, 2007

/s/ Michael S. Etkin
Michael S. Etkin, Esq. (ME 0570)
Timothy R. Wheeler, Esq. (TW 3466)
**LOWENSTEIN SANDLER PC**
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402

- and -

65 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400

*Counsel to the Liquidating Trustee*