Theodore M. Shaw, Director-Counsel
Matthew Colangelo (MC-1746)
NAACP Legal Defense & Educational Fund, Inc.
99 Hudson St., 16th Floor
New York, NY 10013
Telephone: (212) 965-2200

Of Counsel:
Lorraine S. McGowen (LM-1644)
Alyssa D. Englund (AE-2300)
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103-0002
Telephone: (212) 506-5000

Counsel for the Harry Holt Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
In re:                                                  :
                                                        :
                                                        : Chapter 11
         SALTIRE INDUSTRIAL, INC.,                      : Bankruptcy Case No. 04-15389 (BRL)
                                                        :
                    Debtor.                             : District Court Case No. 07-cv-03622 (AKH)
                                                        :
------------------------------------------------------- x

**REPLY IN SUPPORT OF MOTION OF THE HARRY HOLT
PLAINTIFFS FOR WITHDRAWAL OF REFERENCE PURSUANT TO
28 U.S.C. § 157(D) AND LOCAL BANKRUPTCY RULE 5011-1 AND
<u>CHANGE OF VENUE PURSUANT TO 28 U.S.C. §§ 1404 AND 1412</u>**

OHS East:160225587.3

TABLE OF CONTENTS

**Page**

| | | | |
|---|---|---|---|
| | TABLE OF AUTHORITIES | | ii |
| I. | PRELIMINARY STATEMENT | | 1 |
| II. | ARGUMENT | | 2 |
| | A. | Core/Non-core | 2 |
| | | 1. Contrary to the Liquidating Trust's assertion, the District Court has the discretion to determine whether the Contested Matter is core or non-core. | 2 |
| | | 2. The Contested Matter consists of both core and non-core claims. | 5 |
| | | 3. Even assuming the Contested Matter consists of both core and non-core elements, withdrawal of the reference for the entire proceeding is appropriate. | 6 |
| | B. | The Liquidating Trust argues that the Contested Matter should not yet be withdrawn because the Bankruptcy Court can conduct pretrial proceedings. | 7 |
| | C. | The Harry Holt Plaintiffs have not waived their right to a jury trial relating to the liquidation of the property damage portion of the Harry Holt Claims as the Liquidating Trust claims. | 10 |
| | D. | Regardless of whether the jury trial right has been waived, permissive withdrawal is appropriate to avoid duplication of efforts, avoid conflicting factual applications and preserve judicial economy. | 11 |
| III. | CONCLUSION | | 13 |

# TABLE OF AUTHORITIES

Page

**Cases**

C-TC 9th Ave. P'ship v. Norton Co. (*In re C-TC 9th Ave. P'ship*),
   177 B.R. 760 (N.D.N.Y. 1995) .................................................................................... 4

Durso Supermarkets, Inc. v. D'Urso (*In re Durso Supermarkets, Inc.*),
   170 B.R. 211 (S.D.N.Y. 1994) ..................................................................................... 4

Enron Power Marketing, Inc. v. City of Santa Clara
   (*In re Enron Power Marketing, Inc.*), 2003 WL 68036 (S.D.N.Y. Jan. 8, 2003) ........ 3

Germain v. Conn. Nat'l Bank, 988 F.2d 1323 (2d Cir. 1993) ......................................... 10

Hassett v. Indiana Bell Tel. Co., Inc. (*In re CIS Corp.*),
   1992 WL 176482 (S.D.N.Y. July 17, 1992) ................................................................ 4

Houbigant, Inc. v. ACB Mercantile, Inc., 185 B.R. 680 (S.D.N.Y. 1995) ........................ 7

In re Chateaugay Corp., 146 B.R. 339 (S.D.N.Y. 1992) .................................................. 5

In re Green, 200 B.R. 296 (S.D.N.Y. 1996) ................................................................... 12

In re The Babcock & Wilcox Co., 2000 WL 422372 (E.D. La. April 17, 2000) .............. 7

In re Waterman S.S. Corp., 63 B.R. 435 (Bankr. S.D.N.Y. 1986) .................................... 6

Keene Corp. v. Williams Bailey & Wesner, LLP (*In re Keene Corp.*), 182 B.R. 379
   (S.D.N.Y. 1995) ....................................................................................................... 3, 4

McCord v. Papantoniou, 316 B.R. 113 (E.D.N.Y. 2004) ........................................... 3, 12

Mishkin v. Ageloff, 220 B.R. 784 (S.D.N.Y. 1998) ............................................... 6, 7, 12

Orion Pictures Corp. v. Showtime Networks, Inc. (*In re Orion Pictures Corp.*),
   4 F.3d 1095, 1101 (2d Cir. 1993) ............................................................................ 3, 6

Peterson v. 610 W. 142 Owners Corp. (*In re 610 W. 142 Owners Corp.*),
   1997 WL 317019 (S.D.N.Y. June 10, 1997) ............................................................... 3

Ranch 1 Metro, Inc. v. State Nat'l Ins. Co. Inc. (*In re Ranch 1 Inc.*),
   2002 WL 31175184 (S.D.N.Y. Sept. 27, 2002) .......................................................... 4

Roberts v. Johns-Manville Corp. (*In re Johns-Manville Corp.*),
   45 B.R. 823 (S.D.N.Y. 1984) ...................................................................................... 5

The Official Comm. of Unsecured Creditors of Enron Corp. v. Lay
   (*In re Enron Corp.*), 295 B.R. 21 (S.D.N.Y. 2003) ................................................... 7

U.S. Lines, Inc. v. U.S. Lines Reorganization Trust, 262 B.R. 223 (S.D.N.Y. 2001) ....... 5

**Statutes**

28 U.S.C. § 157(b)(2)(B) ................................................................................................. 5
28 U.S.C. § 157(b)(2)(O) ................................................................................................. 5

## I. PRELIMINARY STATEMENT

During the hearing before this Court on Plaintiffs' Motion to Reconsider in action number 06-CV-4451 on May 1, 2007 (the "May 1 Hearing"), counsel for the Liquidating Trust[1] had this to say about the possibility of a motion for withdrawal of the reference:

> [T]he filing of a proof of claim in the bankruptcy proceeding[,] and the filing of the objection by the estate with respect to that proof of claim . . . , commences a contested matter under the bankruptcy code which absent the withdrawal of the reference to the district court, *which by statute I would presume would be granted*[,] would allow them to move the case to the district court without much fight from us from the standpoint of liquidating the claim for distribution purposes and getting their jury trial.

(Hr'g Tr. at 15 (Etkin) (emphasis added).) However, now that the Harry Holt Plaintiffs have – at the direction of the Court – moved for withdrawal of the reference, counsel for the Liquidating Trust has made an about-face and opposed that withdrawal, raising a number of meritless arguments. The Liquidating Trust opposes withdrawal of the reference despite conceding, as it must, that the Bankruptcy Court cannot hold a jury trial on the Harry Holt Plaintiffs' personal injury and wrongful death claims, and that therefore the Harry Holt Claims should be consolidated with the claims against the nondebtor defendants at some point to prevent an unnecessary and avoidable duplication of efforts. Rather than simplifying the process and consenting to consolidation now, the Liquidating Trust instead proposes a duplicative, parallel process that would require two courts – the Bankruptcy Court sitting in New York, and the District Court sitting in Tennessee – to hear identical evidence, and to reach conclusions on identical factual and legal matters. As this Court indicated in granting the motion for

---

[1] Unless stated otherwise, all defined terms shall have the meaning ascribed to them in the Motion of the Harry Holt Plaintiffs for Withdrawal of Reference Pursuant to 28 U.S.C. § 157(d) and Local Bankruptcy Rule 5011-1 and Change of Venue Pursuant to 28 U.S.C. §§ 1404 and 1412 (the "Motion") (docketed at Doc. No. 01 in this action).

reconsideration to remove the Tennessee Action to the District Court sitting in the Middle District of Tennessee, having these claims proceed in two different forums is inefficient, unnecessary, and a waste of judicial resources, and further risks inconsistent and contradictory outcomes on identical matters.

The Liquidating Trust raises three basic arguments against withdrawal of the reference at this time: 1) that the Bankruptcy Court must first make a determination of whether the proceeding to be removed is core or non-core; 2) that the Bankruptcy Court should retain jurisdiction over the Contested Matter until a trial becomes necessary in the personal injury and wrongful death claims and should, in the interim, coordinate discovery with the Middle District of Tennessee; and 3) that the Harry Holt Plaintiffs waived their right to a jury trial regarding the property damage claims. (Resp. Br. at 1-2.) For the reasons stated below, each argument must fail.

## II.    ARGUMENT

### A.    Core/Non-core

#### 1.    Contrary to the Liquidating Trust's assertion, the District Court has the discretion to determine whether the Contested Matter is core or non-core.

As explained in the Motion, the threshold step in analyzing whether cause exists to withdraw the reference is to determine whether the claim or proceeding is core or non-core. (Mot. ¶ 15.) Despite the fact that the Harry Holt Plaintiffs filed the Motion on an abbreviated timeline at the instruction of this Court, the Liquidating Trust now claims the Motion is deficient for its failure to first seek a determination of whether the Contested Matter is core or non-core from the Bankruptcy Court. (Resp. Br. at 3-4.) This argument is disingenuous; returning to the Bankruptcy Court is unnecessary and would only result in further delay, increased costs and waste of judicial resources.

Contrary to the Liquidating Trust's assertions, a district court can determine whether a matter is core or non-core. The Second Circuit has stated that "[a] *district court* considering whether to withdraw the reference should first evaluate whether the claim is core or non-core . . . ." *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1101 (2d Cir. 1993) (explaining further that "once a *district court* makes the core/non-core determination . . .") (emphasis added). There is no bright-line rule in this jurisdiction as to whether the core/non-core determination must be made by the district court or by the bankruptcy court, and there is certainly no requirement that such a determination be made only in the bankruptcy court. *See Keene Corp. v. Williams Bailey & Wesner, LLP* (*In re Keene Corp.*), 182 B.R. 379, 383 (S.D.N.Y. 1995) ("Some courts have construed the language of § 157(b)(3) as establishing a preference for the initial determination of the core/non-core issue to be made by the bankruptcy court. However, nothing in this or any other statute vests this power exclusively in the bankruptcy court.") (citations omitted). Rather, the "precedent indicates that, depending upon the situation, either the Bankruptcy Court or the District Court may make the determination as to whether a proceeding is core or non-core." *Peterson v. 610 W. 142 Owners Corp.* (*In re 610 W. 142 Owners Corp.*), 1997 WL 317019, at *3 (S.D.N.Y. June 10, 1997).

Cases in this Circuit provide ample support for the proposition that either the district court or the bankruptcy court may, depending on the circumstances, determine whether a matter is core or non-core. *Compare McCord v. Papantoniou*, 316 B.R. 113, 119-20 (E.D.N.Y. 2004) (making core/non-core determination); *Enron Power Marketing, Inc. v. City of Santa Clara* (*In re Enron Power Marketing, Inc.*), 2003 WL 68036, at *8-9 (S.D.N.Y. Jan. 8, 2003) (same); *Keene Corp.*, 182 B.R. at 383 (explaining that it is appropriate for the district court to make the determination of core or non-core); and *Durso Supermarkets, Inc. v. D'Urso* (*In re*

*Durso Supermarkets, Inc.*), 170 B.R. 211, 214-15 (S.D.N.Y. 1994) (deciding the core/non-core issue); *with Ranch 1 Metro, Inc. v. State Nat'l Ins. Co. Inc. (In re Ranch 1 Inc.)*, 2002 WL 31175184, at *3 (S.D.N.Y. Sept. 27, 2002) (deferring to the bankruptcy court for a determination on whether the proceeding is core or non-core); *C-TC 9th Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship)*, 177 B.R. 760, 766 (N.D.N.Y. 1995) (same); and *Hassett v. Indiana Bell Tel. Co., Inc. (In re CIS Corp.)*, 1992 WL 176482, at *2 (S.D.N.Y. July 17, 1992) (same). In the instant case, on a matter factually intertwined with another proceeding before the District Court, and on a motion that is already pending before the District Court – at this Court's request – it is appropriate for the District Court judge to perform the core/non-core analysis.

Relying on the Second Circuit's decision in *Orion* and other precedent, the district court in *Keene Corp.* explained:

> An initial determination [of core/non-core] by th[e District] Court is appropriate under the circumstances of this case. I see no reason to require the bankruptcy judge to make an initial determination based on facts which are presently before me. To rule otherwise would result in further delay occasioned by an added layer of judicial decision making.

*Keene Corp.*, 182 B.R. at 383. This Court already has some familiarity with the Harry Holt Plaintiffs and their allegations against the Debtor and the nondebtor defendants in the Tennessee Action, which are the basis for the Harry Holt Claims at issue. The matter is now fully briefed before this Court and this Court should rule to avoid further delay and duplication of efforts. However, if the Court finds it necessary, the Harry Holt Plaintiffs are prepared to file a motion for determination of core/non-core with the Bankruptcy Court even though, as explained below, the filing of such a motion is unnecessary in that this Court can withdraw the reference even without such a determination.

2.  **The Contested Matter consists of both core and non-core claims.**

The Contested Matter is a claim objection by the Liquidating Trust to the Harry Holt Claims, which consist of both personal injury torts and property damage claims. (Mot. ¶ 5.) Section 157(b)(2)(B) explains that core proceedings include:

> allowance or disallowance of claims against the estate or exemption from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11.

28 U.S.C. § 157(b)(2)(B). The statute demonstrates that claim objections are considered core. However, an objection to a claim which includes both unliquidated personal injury torts as well as unliquidated property damage claims is a bit more complicated. While the Bankruptcy Court may retain core jurisdiction to make threshold legal determinations that an unliquidated personal injury tort and wrongful death claim is valid, *see In re Chateaugay Corp.*, 146 B.R. 339, 344 (S.D.N.Y. 1992) (upholding bankruptcy court's decision that it had jurisdiction over allowance of claims as a matter of law), or to make a determination regarding the property damage claims, the inquiry does not end there. The Liquidating Trust is waiting to make distributions to its creditors, which it cannot do until it has completed the *liquidation* of the personal injury and wrongful death portion of the claims. The Liquidating Trust concedes that the liquidation of such personal injury and wrongful death claims is expressly excluded as non-core. *See* 28 U.S.C. § 157(b)(2)(B) and 28 U.S.C. § 157(b)(2)(O); *see also U.S. Lines, Inc. v. U.S. Lines Reorganization Trust*, 262 B.R. 223, 233 (S.D.N.Y. 2001) ("The Bankruptcy Court's limited jurisdiction does not include (unless by consent) the 'liquidation' of personal injury claims."); *Roberts v. Johns-Manville Corp.* (*In re Johns-Manville Corp.*), 45 B.R. 823, 826 (S.D.N.Y. 1984) (finding liquidation of personal injury and wrongful death claims for distribution non-

core); *In re Waterman S.S. Corp.*, 63 B.R. 435, 436 (Bankr. S.D.N.Y. 1986) ("Section 157(b)(2)(B) makes clear, however, in defining core proceedings, that a bankruptcy court may not hear personal injury claims for the purpose of determining the distribution payable thereon."). Thus, the Harry Holt Claims consist of both core and non-core elements.

While the Harry Holt Plaintiffs believe, as stated in the Motion, that the matter is primarily a non-core proceeding (Mot. ¶ 17), it is not necessary for a precise determination to be made for this Court to grant the Motion. *See Mishkin v. Ageloff*, 220 B.R. 784, 799 (S.D.N.Y. 1998) (explaining that the District Court judge "assume[d], without deciding, that the claims . . . [were] core matters."). As described in Part A.3 below, withdrawal of the reference is proper even if the Contested Matter consists of both core and non-core elements. Thus, for purposes of the Motion, this Court can assume without deciding that the Contested Matter consists of both core and non-core elements, eliminating the need for further delay and expense that would be incurred by seeking a determination from the Bankruptcy Court.

> 3. **Even assuming the Contested Matter consists of both core and non-core elements, withdrawal of the reference for the entire proceeding is appropriate.**

The Liquidating Trust would have this Court believe, without offering support, that a finding that the Contested Matter has some core elements is dispositive of the outcome of the Motion. (Resp. Br. at 4.) That is not the test propounded by the Second Circuit, however. In *Orion*, the Second Circuit added that even if a matter is found to be core, the district court should nontheless consider a number of additional factors in determining whether to withdraw the reference, including: judicial economy, uniform bankruptcy administration, reduction of forum shopping, economical use of the debtor's resources, efficient and expeditious resolution of the bankruptcy process, and the presence of a jury demand. *See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993). The

determination of whether a matter is core or non-core is one non-dispositive factor in the overall determination of whether withdrawal of the reference is appropriate. *See, e.g., The Official Comm. of Unsecured Creditors of Enron Corp. v. Lay (In re Enron Corp.)*, 295 B.R. 21, 26 (S.D.N.Y. 2003) ("[T]he fact that the claims alleged . . . are core is not dispositive of the withdrawal analysis."); *Mishkin*, 220 B.R. at 800 (same); *Houbigant, Inc. v. ACB Mercantile, Inc.*, 185 B.R. 680, 686 (S.D.N.Y. 1995) (explaining that the initial evaluation of whether a claim is core or non-core is not wholly determinative of the withdrawal analysis); *In re The Babcock & Wilcox Co.*, 2000 WL 422372, at *3 (E.D. La. April 17, 2000) ("Even if [there] are core issues, the district court may still withdraw the reference in appropriate cases."). "The cumulative effect of the grant of original jurisdiction to the district court and its right to withdraw the reference in a bankruptcy case or related matter or to refer bankruptcy-related matters to the bankruptcy court leaves little doubt that the district court may exercise jurisdiction broadly, even over 'core' bankruptcy matters." *The Babcock & Wilcox Co.*, 2000 WL 422372, at *3. Even if the Contested Matter is core or includes core elements, the remaining *Orion* factors support withdrawal of the reference.

    **B.**    **The Liquidating Trust argues that the Contested Matter should not yet be withdrawn because the Bankruptcy Court can conduct pretrial proceedings.**

It is inefficient in the extreme to have multiple courts administer pretrial proceedings of identical factual and legal claims. As a result of the Court's rulings from the bench at the May 1 Hearing, the Middle District of Tennessee will be responsible for pretrial and trial proceedings of the Harry Holt Plaintiffs' personal injury, wrongful death, and property damage claims against the Debtor and the three nondebtor defendants – the City, the County, and Alper Holdings (the Debtor's parent company). For the Liquidating Trust to oppose withdrawal of the reference is to insist on parallel, duplicative proceedings on identical factual and legal

matters, effectively seeking to force the Harry Holt Plaintiffs to litigate every procedural and pretrial issue twice – once in the Bankruptcy Court as to the Harry Holt Plaintiffs' claims against the Debtor, and once in the Middle District of Tennessee as to the amount of the Harry Holt Plaintiffs' claims against the Debtor and as to the three nondebtor defendants. Such an outcome makes absolutely no sense on efficiency or fairness grounds. Moreover, as the Liquidating Trust concedes, the Bankruptcy Court's authority over the personal injury tort and wrongful death claims extends only so far as pretrial proceedings, and trial of the personal injury and wrongful death claims against the Debtor must ultimately be held in federal district court, raising the very real possibility that inconsistent rulings on pretrial matters will later have to be pieced together by the trial judge.

To give a specific example in the context of this case, the Liquidating Trust has stated its intent to argue that certain of the Harry Holt Plaintiffs' personal injury claims were not filed within the applicable statute of limitations under Tennessee law, and the Liquidating Trust notes that the Bankruptcy Court would have authority to "make [such] threshold legal determinations affecting the validity of [the] claims" as part of its pretrial administration of the Harry Holt Claims. (Resp. Br. at 6.) Several of the nondebtor defendants have similarly indicated their intent to do the same. Thus, absent withdrawal of the reference, two courts – the Middle District of Tennessee and the Bankruptcy Court for the Southern District of New York – would have to rule on whether each of the Harry Holt Plaintiffs' claims were timely made in light of the facts regarding the medical harms that each alleges. Such a ruling could well require expert medical testimony, which the Harry Holt Plaintiffs would have to present, at considerable expense, in two courts. And it is possible that the two courts could reach different conclusions about timeliness under Tennessee law based on the same facts. Moreover, once the claims were

ready for trial, the Bankruptcy Court would no longer have jurisdiction, and the claims would then have to be withdrawn to the trial court – and the trial court could conceivably have to treat certain claims as timely against the nondebtor defendants, but untimely against the Debtor; or vice versa.

Given that the underlying facts regarding pollution, causation, the extent of property damage and medical harm, and other matters will be identical as against the four defendants, there is no reason to have the Bankruptcy Court adjudicate those matters as to one defendant and to have the Middle District of Tennessee adjudicate those matters as to the other three defendants – especially when a trial of the personal injury and wrongful death claims cannot ultimately take place in the Bankruptcy Court in any event.

The Liquidating Trust baldly asserts that withdrawal of the reference at this time will increase the expenses to the estate. (Resp. Br. at 7.) Given the Liquidating Trust's alternative proposal to proceed with a coordinated discovery schedule with depositions and the trial on personal injury claims taking place in Tennessee, it is not completely clear what expenses would increase by having one combined proceeding at the outset as opposed to two parallel paths that will ultimately end at trial in the Middle District of Tennessee. Logic dictates that one is more cost efficient than two.

In addition, given that many of the pretrial matters that the Liquidating Trust would like the Bankruptcy Court to determine will have to do with Tennessee law (such as statute of limitations matters), it is more efficient and sensible for those matters to be determined in the Middle District of Tennessee. Federal courts do, because of diversity jurisdiction, regularly determine state-law issues regarding states other than those in which they sit, but as this Court properly noted at the May 1 Hearing, a federal judge sitting in the Middle District of

Tennessee will have more familiarity with Tennessee state law than a federal district judge (or bankruptcy judge) sitting in Manhattan. (Hr'g Tr. at 38-39.)

### C. The Harry Holt Plaintiffs have not waived their right to a jury trial relating to the liquidation of the property damage portion of the Harry Holt Claims as the Liquidating Trust claims.

The Harry Holt Plaintiffs also pointed out in their motion for withdrawal of the reference that cause exists for permissive withdrawal because, *inter alia*, the Harry Holt Plaintiffs are entitled to a jury trial on their claims. (Mot. ¶¶ 18-19.) The Liquidating Trust concedes that the Harry Holt Plaintiffs are entitled to a jury trial on their personal injury and wrongful death claims, but argues that the Harry Holt Plaintiffs waived their jury right on the property damage claims by filing proofs of claim in the Bankruptcy Court. (Resp. Br. at 7.) The Liquidating Trust's argument should be rejected for two reasons. First, the jury-waiver argument is incorrect as a matter of law – the Harry Holt Plaintiffs' jury demand survives the filing of the Proofs of Claim not only as regards the liquidation of their personal injury and wrongful death claims, but also as regards the liquidation of their property damage claims. Second, even if the Harry Holt Plaintiffs' jury demand is lost as to the property damage claims, the presence of a jury trial right as to the personal injury and wrongful death claims is itself sufficient to establish cause for permissive withdrawal.

The Harry Holt Plaintiffs have not waived their right to a jury trial on their property damage claims. The Liquidating Trust argues that "the Harry Holt Plaintiffs, by having filed Proofs of Claim against the Debtor's estate, have waived *any* right to a jury trial as to the alleged property damage claims . . . ." (Resp. Br. at 8 (emphasis added).) This blanket assertion is directly contradicted by the Second Circuit: "[N]either precedent nor logic supports the proposition that either the creditor or the debtor automatically waives all right to a jury trial whenever a proof of claim is filed." *Germain v. Conn. Nat'l Bank*, 988 F.2d 1323, 1330 (2d Cir.

OHS East:160225587.3                                10

1993). Rather, upon the filing of a proof of claim, a creditor's claims are merely converted from legal claims to equitable claims, in which a jury trial right is not available when "the dispute must be part of the claims-allowance process or affect the hierarchical reordering of creditors' claims. Even there the right to a jury trial is lost not so much because it is waived, but because the legal dispute has been transformed into an equitable issue." *Id.* The fine distinction is that a creditor who files a proof of claim forsakes its right to a jury on any issue that bears directly on the *allowance* of the claim but would presumably retain the jury right for the *liquidation* of the claim. This is the same distinction drawn with the personal injury tort and wrongful death claims where it has been found that the bankruptcy court can make determinations relating to the allowance of the claim but not the liquidation of the claim as discussed in Part A.2 above. Thus, the Harry Holt Plaintiffs have not waived their right to a jury trial on the *liquidation* of their property damage claims against the Debtor.

> D. **Regardless of whether the jury trial right has been waived, permissive withdrawal is appropriate to avoid duplication of efforts, avoid conflicting factual applications and preserve judicial economy.**

Even assuming, *arguendo*, that the Harry Holt Plaintiffs did waive their jury trial right as to the property damage claims by submitting proofs of claim in the bankruptcy proceedings, this Court can and should still find cause for permissive withdrawal in light of all of the *Orion* factors listed above.

The Liquidating Trust concedes that the liquidation of the personal injury claims should be tried by the Middle District of Tennessee with the other defendants in the Tennessee Action. (Resp. Br. at 2, 9-10.) Severing the personal injury claims from the property damage claims for trial or otherwise would cause needless duplication of efforts by requiring the Bankruptcy Court to try the property damage claims against the Debtor while the Middle District of Tennessee tries the personal injury and wrongful death claims against all the defendants

OHS East:160225587.3                        11

(including the Debtor) and the property damage claims against the three nondebtor defendants. This is the very type of replication of efforts and waste of judicial resources that a motion to withdraw the reference is aimed to prevent. "[S]evering core claims from related claims would risk 'duplicative presentations on substantially overlapping factual matters. Such a process would cause unnecessary delay and deplete both judicial resources and the assets of the bankruptcy estate.'" *McCord v. Papantoniou*, 316 B.R. 113, 126 (E.D.N.Y. 2004) (quoting *In re Green*, 200 B.R. 296, 299 (S.D.N.Y. 1996)).

An analogous situation arose in the *Mishkin* case, in which several defendants in three related adversary proceedings moved to withdraw the reference. *Mishkin v. Ageloff*, 220 B.R. 784, 787 (S.D.N.Y. 1998). There, the district court found that mandatory withdrawal was appropriate in the first proceeding and "[w]ith respect to the remaining two, [found] . . . that because the reference must be withdrawn in the [first proceeding], the reference in these other proceedings should, as a discretionary matter, be withdrawn as well." *Id.* at 799. The court based this decision primarily on the fact that "these three proceedings arise from the same facts and involve similar legal issues. . . . Thus, while it is certainly correct that the causes of action in the three proceedings are not identical, and that other specific issues are not the same, the three proceedings are linked." *Id.*

The analysis outlined in *Mishkin* is on point. This Court has already made the determination that the best forum for resolution of the Tennessee Action is the Middle District of Tennessee. (Hr'g Tr. at 38-39.) The Harry Holt Claims arise from the same facts and assert identical causes of action against the Debtor as are made in the Tennessee Action. In fact, the original complaint filed in the Tennessee Action is attached to each of the Harry Holt Claims. Although it is true that the procedural posture of the Contested Matter as an objection to

bankruptcy claims is different from the civil cause of action of the Tennessee Action, this Court has already found that the proceedings are inextricably linked and should be handled in whole by one court – the Middle District of Tennessee – to preserve judicial resources, ensure uniformity and facilitate the most economical use of all parties' resources.

### III.    CONCLUSION

WHEREFORE, the Harry Holt Plaintiffs respectfully request that this Court enter an order (1) withdrawing the reference with respect to the Contested Matter, (2) transferring venue of the Contested Matter to the Middle District of Tennessee with the Tennessee Action, and (3) granting such other and further relief as is just.

Dated: New York, New York
       May 18, 2007

By:    /s/
Theodore M. Shaw, Director-Counsel
Matthew Colangelo (MC-1746)
NAACP Legal Defense & Educational Fund, Inc.
99 Hudson St., 16th Floor
New York, NY 10013
Telephone: (212) 965-2200

-and-

Lorraine S. McGowen (LM 1644)
Alyssa D. Englund (AE 2300)
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000

Counsel for the Harry Holt Plaintiffs